ISAAC SEMKIN, DEFENDANT IN ERROR, v. ADOLPH HOL-
LANDER AND HARRY HOLLANDER, PLAINTIFFS IN
ERROR.

Submitted July 10, 1911—Decided November 20, 1911.

1. An assignment of error based upon the admission of illegal tes-
timony should clearly indicate the testimony complained of and
its alleged legal imperfection. An assignment in general terms
that the evidence was admitted "tending to contradict, alter,
add to and vary the contents and force of the written instrument
sued on," without indicating the evidence complained of, or the
exception relied on, is not sufficient to require its consideration
by an appellate court. The rule established in this state is that
the appellate court is not required to search for errors not
definitely pointed out.

2. An objection to the admission or rejection of evidence must
point out the precise point of the objection, and an objection to
"the entire line of the testimony," without pointing out to the
trial court any reason for the objection, does not state any
ground for the sealing of an exception requiring consideration
on a writ of error.

3. The case made by plaintiff on the trial of this cause was suffi-
cient to sustain the cause of action set up in his declaration, and
the refusal of a motion for nonsuit made at close of plaintiff's
case was not error.

On error to the Essex Circuit Court.

For the plaintiffs in error, *Philip J. Schotland.*

For the defendant in error, *Pitney, Hardin & Skinner.*

The opinion of the court was delivered by

BERGEN, J. According to the case made by the plaintiff, the
business ingenuity of the defendants developed the following
situation: Defendants, desiring to acquire certain real estate
owned by Joseph Okin, sent for the plaintiff, who was a real
estate broker, and suggested that he open negotiations with
Okin, which he did, and when Okin's terms had been obtained
the defendants, having ascertained from plaintiff the amount
of commissions he would be entitled to from Okin if the sale

was consummated, insisted that Benjamin, the son of the defendant Adolph Hollander, be accepted by plaintiff as a partner in the transaction so that the son might be entitled to one-half of the commissions, and the plaintiff submitting to this, procured from Okin a written agreement to pay the plaintiff and Benjamin Hollander, as brokers, two and one-half per cent. commissions on $200,000, or any lower price satisfactory to him, to be paid on the day of settlement. The negotiations between Okin and the defendants resulted in an agreement for the exchange of properties, and, as reduced to writing, provided that the defendants should satisfy a part of the consideration they were to pay Okin by paying the brokers as commissions $4,650 on the date of settlement, "being the amount which will become due said agents if this agreement is performed." When the terms of the proposed exchange had been settled the defendants refused to execute the contract of sale with Okin unless the plaintiff would agree to accept $1,500 in satisfaction of his interest in the $4,650, to be retained by defendants, with the consent of Okin, for the purpose of paying the agreed commissions, and plaintiff fearing to lose all commissions unless he consented, finally agreed, upon condition that the $1,500 be paid upon the signing of the contract of sale, instead of when the agreement was carried out, and thereupon the following written agreement was executed by the defendants:

"The amount that Isaac Semkin is to receive as commission on the exchange of properties between us and Joseph Okin by virtue of agreement of even date herewith, having been agreed upon at fifteen hundred dollars, we hereby agree to pay said Semkin said sum of fifteen hundred dollars in cash as soon as agreements are signed by all parties and wives.

"HARRY HOLLANDER,
"ADOLPH HOLLANDER."

At the same time the plaintiff and Benjamin Hollander executed an agreement releasing Okin and accepting the liability of defendants for payment of the commissions. After these agreements were signed the contract of exchange was

executed by the parties thereto and their wives. Thus all that remained to plaintiff out of the $4,650, paid by Okin for commissions, was the written promise of defendants to pay him $1,500, when the contract was signed, the balance of $3,150 remaining in the hands of the Hollanders, and this action is based on the written promise of defendants to pay the $1,500. At the close of the plaintiff's case a motion for a nonsuit was made and refused, and plaintiff had judgment for the amount of his claim, which this writ of error seeks to reverse.

Three errors are assigned—*first,* that the trial court admitted oral evidence over the objection of the defendants' counsel, "which evidence tended to contradict, alter, add to and vary the contents and force of the written instrument sued upon by the plaintiff and annexed to and made a part of the declaration, and offered in evidence by the plaintiff below." *Second.* That the trial court denied the motion for a nonsuit made at the close of the plaintiff's case. *Third.* That the trial court denied the motion for nonsuit at the close of the plaintiff's case after it had been reopened.

The first assignment of error is too broad and indefinite to require its consideration by this court. The evidence complained of as being improperly admitted is in no way indicated, nor does it appear whether the disputed testimony came from one or more witnesses, or which of the numerous exceptions sealed are relied upon to support it. The established rule in this state is that the appellate court is not required to search for errors not definitely pointed out in the assignment. *Donnelly* v. *State,* 2 *Dutcher* 463, 512. In this case the court would be required to examine numerous exceptions in order to ascertain upon which this general assignment is rested. Nor are the exceptions upon which the plaintiffs in error base their argument under this assignment entitled to any consideration, because they do not point out the particular ground of objection. In the first exception the question was: "*Q.* What was said?" To this the only objection interposed was, "I object to what was said." This does not point out the definite ground of the objection. It does appear that counsel followed the objection by an interrogation which was not answered, but that

did not give a reason or point out to the court why counsel considered the precise question objectionable. The ground of objection was indefinite and ambiguous. In the second exception the objection was, "I want to have it on the record that I object to the entire line of the testimony." It is difficult to conceive of a more indefinite objection or a greater violation of the rule relating to this subject. The trial court and opposing counsel are entitled to have pointed out by counsel the precise point of his objection to the testimony tendered. If, however, we assume that the exceptions were properly taken and sealed, and the assignment sufficiently clear and definite to warrant us in considering the evidence pointed out by counsel on the argument as that to which the exceptions apply, we think the evidence was properly admitted. It was offered and admitted to show the consideration of the writing under which plaintiff claimed to recover, which was that the Hollanders, having agreed to assume Okin's liability, insisted that plaintiff should reduce the commissions to which he was entitled, the whole amount of which they were intending to keep out of the consideration due to Okin, to the sum of $1,500, payable when contract for the exchange was signed, and threatened if he did not accept that offer they would not sign the contract of sale. There was nothing in this evidence to alter or vary the written contract, its sole purpose and effect being to show the consideration of the agreement sued on. The original contract for commissions was made with Okin, the owner, whose liability the defendants assumed, and, having limited the amount by a contract with plaintiff, it was proper and necessary to show upon what consideration the defendants assumed to satisfy the obligation of Okin to the plaintiff. The second assignment of error has no sealed exception to support it.

The third assignment of error is that which challenges the action of the trial court in refusing the nonsuit after the case had been reopened. The first reason stated in the brief of the plaintiffs in error is, that when the agreement to pay the plaintiff was made by the defendants there was no agreement in existence legally binding the defendants to pay any money to Okin; that the oral agreement to pay the plaintiff and Ben-

jamin Hollander $4,650 out of the purchase-money retained on the exchange of the properties was not enforceable because it was plainly an agreement to pay Okin's debt and comes within the statute of frauds.

The difficulty with this proposition is that it does not truly state the conditions existing. The plaintiff had a written contract with Okin to pay commissions upon the happening of a condition, which was that the transaction should be consummated, not by the contract of sale, but by the actual transfer of the property, while the defendants, having agreed upon the terms of a contract with Okin which they presently intended to, and afterwards did, reduce to writing, by which they agreed to liquidate the claim of the plaintiff against Okin, entered into an agreement with him to pay a part, in satisfaction of his entire claim. Okin would not sign the agreement unless he was relieved from the payment of commissions to the plaintiff, and the defendants would not execute the contract of exchange unless the plaintiff would agree to reduce his claim for commissions, and the execution of each agreement was conditioned upon the execution of the other. If, however, it was simply an agreement to pay Okin's debt it was in writing and for a good and valuable consideration moving to the promisor. The plaintiffs in error cite *Joslin* v. *New Jersey Car Spring Co., 7 Vroom* 141, but the brief does not point out in what particular this case sustains the proposition advanced, nor can we, upon examination of the case, discover in it any support of the proposition tendered. The rule which seems to have been adopted in that case is that in cases of simple contracts, if one person makes a promise to another for the benefit of a third, the latter may maintain an action on it, though the consideration does not move from him, but the opinion states that the "case avoids the question, which is sometimes raised, where the assumption is by parol, whether as a promise to pay the debt of another, it is not within the statute of frauds, because here the proposal and resolution of acceptance are in writing, and the consideration is fully expressed," citing *Hetfield* v. *Dow, 3 Dutcher* 440.

In the case under consideration the promise was in writing, and there was also a new and distinct consideration for the promise of the defendants moving to them from the plaintiff in the surrender of his right of action against Okin, in order that the defendants might have the benefit of all the money to be retained by them on account of commissions due from Okin to the plaintiff, except the amount which they then agreed to pay him. It would seem that the case cited, if at all applicable, is an authority against, rather than in favor of, the plaintiffs in error. The argument that when the defendants executed their agreement to pay $1,500 in settlement of plaintiff's claim for commissions, the contract authorizing defendants to retain $4,650 from the contract price had not been signed has no force. The three instruments were dated the same day, and were all a part of the same transaction agreed upon by the parties, and mere priority in execution, when all were executed as a part of the joint agreement, did not destroy the legal effect intended, each must be executed to make the others efficient, and all could not be signed by the parties at the same instant. In addition to this, the release of Okin did not become binding on the releasors until the consummation of the contract of sale, and the promise of defendants to pay plaintiff the $1,500 was not enforceable unless the contract of sale was duly executed, and it did not become a binding contract until after the agreement of sale was completed, the legal sequence being the release of Okin; his contract that defendants might retain the amount of commissions out of the contract price for the purpose of satisfying the debt from which he had been released, and defendants' contract to pay plaintiff.

The second point urged in support of the nonsuit is, according to the brief of the plaintiffs in error, that "if the agreement to pay $1,500 is to be construed in connection with the agreement in writing of the defendants to pay $4,650 to Semkin and Benjamin Hollander, then the plaintiff must fail, because he has not proved performance of the agreement to pay $4,650." A sufficient answer to this is that the defendants had contracted to retain $4,650 due to Okin under the contract of exchange to be by them paid to the brokers, and

the non-performance by the defendants of their contract with Okin would not relieve them from performing their contract with the plaintiff.

We have examined the other reasons urged in support of the nonsuit and find nothing in them worthy of further comment.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, JJ. 13.

*For reversal*—None.