JOHN PROUT ET AL., DEFENDANTS IN ERROR, v. LEWIS D. PROUT ET AL., PLAINTIFFS IN ERROR.

Argued July 5, 1911—Decided November 20, 1911.

On error to the Supreme Court, whose opinion was expressed in the following memorandum:

"PER CURIAM.

"Samuel Prout and Sarah Martin lived together from about 1850 to about 1870, as plaintiffs claim, in lawful wedlock. The plaintiffs are some of the issue of that alleged marriage.

"About 1870 Samuel and Sarah separated and in 1882 Samuel married Isabelle Henry, one of the defendants, and the other defendant, Lewis D. Prout, is the issue of that marriage. In 1908 Samuel died leaving real estate, and plaintiffs now bring this action in ejectment to recover possession of their alleged undivided interest in such lands.

"The controversy at the trial was narrowed to this question: Were Samuel and Sarah lawfully married? The plaintiffs recovered a verdict, and this writ of error brings up for review the judgment entered thereon. The assignments of error will be considered in the order argued.

"1. It is first argued that the judgment must be reversed because of the testimony of a witness in response to the question 'Were they (Samuel and Sarah) living there as man and wife?' The witness answered, 'They were.' That was 'objected to as a conclusion,' and it is here insisted that, for that

·reason, the testimony was illegal. We think not. But, if so, it does not lead to a reversal since it appears that the objection was not made until after the answer was given and there was no motion made to strike out the answer nor to instruct the jury to disregard it. *Fath* v. *Thompson,* 29 *Vroom* 180; *Ryan* v. *State,* 31 *Id.* 33.

"2. There was no error in the admission in evidence of the Bible. It was at least corroborative proof of the alleged ceremonial marriage between Samuel and Sarah and of the birth of the children; with respect to both of which matters there was some independent proof.

"3. There was no error in the refusal of the trial judge to nonsuit the plaintiffs 'unless they elect to claim or show on what they stand.' This motion was apparently made because the defendants conceived that some of the testimony was offered to show a common law marriage, but such does not appear to have been the plaintiff's purpose in submitting such proof. Rather it appears to have been offered very properly in corroboration of the proof of an actual ceremonial marriage.

"4. The trial judge properly refused to direct a verdict for the defendant. As we have pointed out there was evidence tending to show an actual ceremonial marriage between Samuel and Sarah, which, if believed by the jury, justified a verdict for the plaintiffs.

"5. The request to charge, which is made the subject matter of an assignment of error, was properly refused for the same reason that the motion to direct a verdict was rightfully denied.

"6. There was no error in the charge of the court. That part of it complained of was not only proper, but the defendants actually requested the judge to so charge in their eighth request.

"The judgment of the court below will be affirmed."

For the plaintiffs in error, *John J. Crandall.*

For the defendants in error, *V. Claude Palmer.*

PER CURIAM.

Upon all points except the second we agree with the opinion of the Supreme Court. As to the second we prefer to express no opinion, because the record discloses that no ground of objection was stated at the trial to the introduction of the Bible in evidence, and therefore, on familiar principles, no legal question was raised by the objection.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, PARKER, BERGEN, VOORHEES, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, JJ. 11.

*For reversal*—None.