GRACE E. CLARK, PLAINTIFF-RESPONDENT, v. HENRY J. SEARS, DEFENDANT, AND GEORGE H. WEISS, DEFENDANT-APPELLANT.

Submitted October term, 1933—Decided March 23, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the appellant, *Raymond Dawson*.

For the respondent, *Edward A. Markley*.

PER CURIAM.

This is an appeal from a judgment of the Union County Court of Common Pleas, in favor of plaintiff, in an action to recover damages for injuries said to have been tortiously inflicted.

The single question raised is the propriety of the trial judge's admission in evidence of X-ray photographs purporting to show the injured parts of respondent's body. While appellant urges that the "question is important because the verdict is so unjust as to liability and also as to amount, and because of the fact that plaintiffs were endeavoring to go beyond the scope of the complaint and the bill of particulars as to the extent of the injuries," the only point argued is that there "was not sufficient proof of the pictures."

But this ground was not presented to the trial judge, when the objection was interposed. In fact, no ground of objection

was stated at the trial, and, consequently, none can be urged here. The definite ground of objection must be pointed out to give efficacy to the exception. *Semkin* v. *Hollander,* 82 *N. J. L.* 485; 81 *Atl. Rep.* 980; *Prout* v. *Prout,* 82 *N. J. L.* 537: 81 *Atl. Rep.* 757; *Garrison* v. *Newark Call Printing, &c., Co.,* 87 *N. J. L.* 217; 92 *Atl. Rep.* 590.

Furthermore, we find the criticism of the ruling to be utterly devoid of merit. They were made under the direction of the hospital rontgenologist. They were actually made by one of his assistants, but he was able to identify them. They were marked for identification purposes. He examined the photographs the following day, and discussed information disclosed by them with plaintiff's physician. The usual hospital routine for taking the photographs was followed. The physician and surgeon in attendance testified that the photographs were taken by his direction and in his presence. They were taken immediately after the accident, and after he had seen plaintiff. The plates were promptly developed, and were examined by the witness and the hospital rontgenologist, who conferred to determine the nature and extent of the injuries. The proof met the prescribed standard. *Robinson* v. *Payne,* 99 *N. J. L.* 135, 143; 122 *Atl. Rep.* 882; *Greco* v. *Schmidt,* 101 *N. J. L.* 554; 129 *Atl. Rep.* 146; *Joy* v. *Flax,* 101 *N. J. L.* 43; 127 *Atl. Rep.* 596; *Rickel* v. *Stockman,* 111 *N. J. L.* 294; 168 *Atl. Rep.* 467.

Judgment affirmed.