E. E. KIRKLAND, Administrator of Estate of AL-BERT ANDERSON, v. WILLIAM K. BIXBY et al., Receivers of Wabash Railroad Company, Appellants.

Division One, June 2, 1920.

1. **ASSIGNMENTS: Informal: Under Points.** Although there is no formal assignment of errors, yet if the points made clearly point out the errors, the requirements of Rule 15 are sufficiently met; nor is it necessary to say in the point made that the trial court "erred" in such and such a ruling, if it is made plain by the language used, considering the record, that error is charged.

2. **NEGLIGENCE: Warning to Section Men.** Section men are required to protect themselves from passing trains, and the crew of such a train have the right, so far as section men are concerned, to a clear track. As to them, it is not negligence for the crew of the train to fail to sound the bell or blow the whistle, unless there is a well established custom to the contrary, or unless there is something in the case to bring it within the humanitarian doctrine.

3. ————: ————: **Foggy Weather: Custom: Must Be Pleaded.** The general rule is that section men must look out for their own safety, and no warning of an approaching train is required to be given them; and if this general rule has been changed by a particular local custom or usage to ring the bell and sound the whistle on a

Kirkland v. Bixby.

foggy morning, and plaintiff relies upon such custom or usage, he must plead it and prove it, and unless it is pleaded evidence to prove it is inadmissible. Such custom and usage would take the case out from under the operation of the general rule, if properly pleaded and its violation proven as the proximate cause of the trackman's injury.

Appeal from Jackson Circuit Court.—*Hon. Clarence A. Burney,* Judge.

REVERSED AND REMANDED.

*N. S. Brown, Sebree & Sebree* and *Mord M. Bogie* for appellants.

(1) The demurrer to the evidence should have been sustained. (a) The engine crew had the right to expect a clear track. State ex rel. Lusk v. Ellison, 271 Mo. 463; Woods v. Ry. Co., 187 S. W. 11; Gabal v. Ry. Co., 251 Mo. 257; Rashall v. Railroad, 249 Mo. 509; Van Dyke v. Railroad, 230 Mo. 259; Degonia v. Railroad, 224 Mo. 564; Cahill v. Railroad, 205 Mo. 393; Aerkfetz v. Humphreys, 145 U. S. 419. (b) No custom was pleaded or proved which would change appellants' duty. Nivert v. Railroad, 232 Mo. 626; McMeins v. United Rys. Co., 274 Mo. 326; Pankey v. Ry. Co., 180 Mo. App. 185, 199. (2) Appellants' objection to the introduction of evidence as to the custom to ring the bell and blow the whistle should have been sustained. Nivert v. Railroad, 232 Mo. 626.

*Atwood, Wickersham, Hill & Popham* for respondent.

By the overwhelming weight of the evidence it is shown that Anderson was on duty in the line of his employment at the time of his mortal injury; that defendants habitually ran their trains and hand cars in the same or opposite directions during foggy weather; that the only means in use by defendants for the protection of section men operating hand cars moving through the fog and on curves where the sectionmen's view was ob-

structed was for the trainmen using the track to blow the whistle and sound the bell at such frequent intervals as would warn employees on hand-cars of the approach of a train in time to enable them to remove themselves and their hand-car from the track to a place of safety. The failure of defendants' trainmen to so sound the whistle and ring the bell was the direct and promimate cause of the collision and death of Anderson and such facts being shown plaintiff was entitled to recover. Honea v. Railroad Co., 245 Mo. 637; Boyd v. Railroad, 249 Mo. 128; Schroeder v. C. & A. R. Co., 108 Mo. 329; Boyd v. Railroad, 236 Mo. 80; Hardwick v. Wab. Railroad, 181 Mo. App. 156; Lancaster v. A. T. & S. F., 143 Mo. App. 163; Nelson v. N. P. Railroad, 50 Mont. 516; M. O. & G. v. Dersberry, 167 S. W. 881; O'Brien v. Erie Ry. Co., 123 N. Y. Supp. 1040; L. & N. Ry. Co. v. Smith, 205 Fed. 360; Norfolk & W. Railroad v. Earnest, 229 U. S. 114, 57 L. Ed. 1097; Erie Railroad v. Purucker, 244 U. S. 324, 61 L. Ed. 1166.

GRAVES, J.—Action for damages for the alleged negligent killing of Albert Anderson in January, 1914. Defendants were the receivers of the Wabash Railroad Company, and deceased was section foreman on the line of said road at or near Randolph, Missouri, near Kansas City, Missouri. Anderson was killed in a collision between the hand-car upon which he was going to his work and one of defendants' trains. The negligence charged in the petition upon which trial was had is as follows:

"Plaintiff alleges that the defendants were negligent and careless in advising said Albert Anderson that he could proceed safely to his destination when they knew, or, by the exercise of ordinary care on their part, might have known that he could not safely so do and in not maintaining the track, over which said hand-car was about to move, in a safe condition and free from trains or cars whose movement might injure persons situated as decedent was.; that defendants by their employees in

charge of said train so colliding with the hand-car, were further negligent and careless in failing to ring the bell and sound the whistle at such frequent intervals while running through *the fog,* as would warn the crew on said hand-car of the approach of said train in time to allow the employees on said hand-car to safely remove themselves and said hand-car from defendants' track; that as a direct result of each and all of said negligent and careless acts of the defendants, as aforesaid, the said Albert Anderson, deceased, was killed.''

Answer is (1) a general denial, (2) contributory negligence, and (3) assumption or risk. Reply was a general denial. Upon a trial before a jury in Division No. 6 of the Jackson County Circuit Court plaintiff had a verdict and judgment for $10,000, and defendants have appealed.

The action was one under the Federal Employers' Liability Act. Said Anderson was foreman of a section crew, and his section covered track both west and east of Randolph. At about 7:30 on the morning of the accident he started west from Randolph with his crew on a hand-car, to repair some tracks near what is known as the Milwaukee bridge, within his section. The morning was quite foggy, as they frequently were near the Missouri River. When about a mile and a half west of Randolph the hand-car was struck by an east-bound freight train, and Anderson was killed. Further details will be left to points discussed in the course of the opinion.

I. There is a motion to dismiss the appeal for failure to comply with Rule 15 of this court, in that ''there are no separate assignments of error as provided by the rules, and under the so-called points and authorities, no specific errors are alleged

Assignments.   such as to comply with the rules of the court.'' Among other cases we are cited to Vahldick v. Vahldick, 264 Mo. l. c. 531. As applied to the facts in this case the ruling in that case does not support re-

spondent. At page 532 of that opinion, FARIS, J., refers to the universal ruling of this court, in this language:

"It has been held that where appellant, though making no formal collective assignment of errors in any given part of his brief, yet separately assigns error specifically in distinct sub-heads of his points and authorities, we will accept this as a substantial compliance with the statute and our rules. [Perry v. Strawbridge, 109 Mo. 621; Mugan v. Wheeler, 241 Mo. 376; Collier v. Lead Co., 208 Mo. 246.]"

This announces the true rule of this court and the cases cited by our former brother bear him out in the pronouncement. In the particular case he held that this rule had not been met. So too as to other cases cited.

But in the instant case the points and authorities bristle with alleged error. There is no formal assignment of errors, but when the points made clearly point out the errors *nisi* (as here) we have always ruled it to be sufficient. Nor is it necessary to say in the point made that the trial court "erred" in doing so and so, if it is made plain by the language used, considering the record before us, that error is charged. There is no substance in the motion to dismiss the appeal in this case, and it is overruled.

II. The plaintiff's case was submitted to the jury on the sole ground that the agents in charge of the eastbound freight train were negligent in failing to sound the bell and blow the whistle at frequent intervals, upon this foggy morning. This simplifies the issues for present determination.

Section Men.

The rule in this State requires section men to protect themselves from passing trains. In other words, the train crew, so far as section men are concerned, have the right to expect a clear track, and the humanitarian rule (when violated) is the only salvation for the unfortunate section man. This rule is not invoked in the instant case. We have written so much upon the *status* of the section man, that we shall not attempt to reiterate, but rest content with the citation of our more re-

cent cases. [State ex rel. v. Ellison, 271 Mo. l. c. 468; Gabal v. Railroad, 251 Mo. l. c. 268-269; Woods v. Railroad, 187 S. W. 12, 13; Rashall v. Railroad, 249 Mo. l. c. 519-520; Van Dyke v. Railroad, 230 Mo. l. c. 282; Degonia v. Railroad, 224 Mo. l. c. 587, et seq.]

In the instant case the deceased, Anderson, was the section foreman. He was directing the hand-car, and he was perfectly familiar with the situation. George Rigley, witness for plaintiff, among other things said:

"Q. At that time of the morning there were a good many trains passing over that particular piece of track, weren't they? A. Yes, sir.

"Q. Those trains were liable to come along at any time? A. Yes, sir.

"Q. There are a number of trains due on regular schedule time, I mean by regular schedule time, trains appearing on the time card, and a good many other trains over that part of the track had no regular time? A. Yes, sir.

"Q. You and Anderson, of course, knew that fact? A. Yes, sir.

"Q. And the Wabash have large storage yards at Randolph just east of the depot where they haul in their freight and leave it until such time as is necessary to deliver it over in the city? A. Yes, sir.

"Q. In other words, they break up and make up their trains over there, that is one of the principal freight yards? A. Yes, sir.

"Q. And many trains in addition to the regular trains pass over that track, switch trains carrying cars? A. Yes, sir.

"Q. You and Anderson knew that fact? A. Yes, sir.

"Q. And you people always keep out of the way of those trains, don't you? A. Yes, sir.

"Q. You were expected to do that. A. Yes, sir.

"Q. Nobody expected to look out and take care of you? A. No.

"Q. You understood it was your duty, he understood it was his duty, to keep out of the way of those trains? A. Yes, sir."

So that it is clear that there is no liability in this case, unless the "foggy" condition of the weather changed the situation. As to section men, under ordinary circumstances, the train crew had the right to expect a clear track, and were not required to give warnings either by bell or whistle for the benefit of the section men. By this we do not mean that the humanitarian rule, if pleaded, would not require the trainmen to give warnings, if they saw section men wholly oblivious to impending danger. This subject, however, is not in this case.

III. There was evidence tending to show that there was a custom of long standing as to the sounding of the bell and the blowing of the whistle at frequent intervals when the weather was foggy along the river, for the purpose of advising section men of the approaching trains.

Whilst there is conflict in the evidence, there was sufficient to make such matter a question for the jury to determine, i. e. was there or was there not such a custom? This evidence of this custom was consistently opposed by the appellants, and it was admitted over the vigorous objections of appellants. They claimed that no such custom was pleaded, and herein is the serious question.

A full reading of the petition and the evidence shows that plaintiff failed in the case, save and except a proven custom existed to give warning during foggy weather. The question then is, was this custom pleaded, and the evidence thereof competent. The general rule is that warnings to section men are not required. We have quoted all that is said about the fog in the petition. There is no allegation as to a custom to give warning during foggy weather. The only thing found in the petition is:

"That defendants by their employees in charge of said train so colliding with the hand-car, were further negligent and careless in failing to ring the bell and sound the whistle at such frequent intervals while running through *the fog*, as would warn the crew on said hand-car of the approach of said train in time to allow the employees on said hand-car to safely remove themselves and said hand-car from defendants' track."

This only says that they negligently failed to ring the bell and sound the whistle in the fog, but nowhere in the petition is it averred that there was a duty resting upon the defendants to do this by and through a long established custom. The petition should charge a duty and its violation in order to show liability. If the violation of a duty arises from the failure to observe a custom of long standing, the custom should be pleaded so as to clearly point out the duty. In other words, if the duty arises from a custom, or usage, the custom or usage should be pleaded, and if not pleaded no evidence of a custom is admissible. This petition should not only have pleaded this local custom or usage, but should have averred that deceased had knowledge of it. [12 Cyc. 1097, et seq.]

As to section men the general rule of law is that they must look out for their own safety, and no warnings are required to be given them. If this general rule of law is to be changed by a local or particular usage or custom, this custom or usage must be pleaded. In Hayden v. Grillo's Admr., 42 Mo. App. l. c. 5, THOMPSON, J., said: "It is necessary to plead a special custom, where such a custom is relied upon, to take a case out of the general rules of the law."

And this court in Staroske v. Publishing Co., 235 Mo. l. c. 76, has announced the same rule, thus:

"Nor do the allegations of the petition meet the requirements of the rule supported by reason and the great weight of authority, that if a particular or local custom is relied upon, it must be pleaded (Sherwood v. Savings Bank, 131 Ia. l. c. 530, *et seq.*; Oriental L. Co.

v. Blades L. Co., 103 Va. l. c. 741; Mobile Fruit & Trading Co. v. Judy, 91 Ill. App. l. c. 91; Con. Coal Co. v. Jones, 120 Ill. App. l. c. 146; Hayden v. Grillo's Admr., 42 Mo. App. l. c. 5, 6), and pleaded so explicitly that it will appear not only that such local or particular custom existed, but that both parties had knowledge of it at the time the contract was made and, in addition, contracted with reference to it. [Hendricks v. Middlebrooks Co., 118 Ga. l. c. 137; Antomarchi's Exr. v. Russell, 63 Ala. l. c. 361; Wallace v. Morgan, 23 Ind. l. c. 402, *et seq.*; Overman v. Bank, 30 N. J. L. l. c. 65.]''

To like effect in Nivert v. Railroad, 232 Mo. l. c. 641, whereat it is said:

''In the absence of some rule, custom or usage of the company applicable to the appellant requiring it to be on the lookout for appellant and to warn him of his danger, the respondent owed him no such duty as charged in the petition; and as no such rule, custom or usage is pleaded, we must presume that none such existed.

''It is the well settled law of this State, as shown by repeated adjudications of this court, that the agents and servants in charge of railway trains owe no duty to look out for the safety of trackmen and section hands. They are presumed to be familiar with the character of their employment, the schedules and time cards of trains, when due, and the dangers incident to such employment.''

The reason of the thing is with the practice that the local usage should be pleaded, if such local usage is relied upon to take the case out of the usual rules of law. In the instant case the local usage or custom was relied upon to take plaintiff's case out of the general rule of law. That local usage or custom was to the effect that in foggy weather along the Missouri River bottoms, on this road, the trainmen gave section men warning by ringing the bell and sounding the whistle at frequent intervals. This local usage or custom, if pleaded and proven, would take the case out of the general rule. Fairness demands that such usage and custom be

pleaded. It is not pleaded in this case, and all that evidence tending to show such usage and custom should not have been admitted under the present petition. For this error the judgment will have to be reversed, but in view of the evidence which was erroneously admitted, we think the case should be remanded. It may be (a matter not now ruled) that further proper steps can be taken to meet the situation. Other matters complained of may not appear in a new trial, and need not be discussed. Suffice it to say that if there was such a usage and custom as to warnings and a jury so found upon satisfactory evidence, plaintiff could make a case by pleading and proving such usage and custom. It is only in this way, so far as the present record shows, that negligence of defendants can be shown.

Let the judgment be reversed and the cause remanded. All concur, except *Woodson, J.,* absent.