LENA GRECO, BY HER FATHER AND NEXT FRIEND, PETER GRECO, RESPONDENT, v. FERDINAND SCHMIDT, APPELLANT.

Submitted March 25, 1925—Decided May 18, 1925.

1. In an action for the injury of a child, brought against the driver of an automobile truck, where there was evidence that the driver of the truck overtook and passed a trolley car which was traveling at the rate of twenty-five miles per hour, and the accident occurred within a block or a block and a half of the point of passing the trolley car, and the driver of the truck knew that children were accustomed to cross the street where the accident occurred on their way to school at that time of day—*Held*, that the trial judge was justified in refusing to nonsuit or direct a verdict against the plaintiff, as it was for the jury to say whether the driver of the truck, under such circumstances, was negligent.

2. When X-ray photographs are identified by a doctor under whose general direction and for whose use they were made, and by whom they were used in the diagnosis of an injury, they are properly admitted in evidence.

On appeal from the Supreme Court.

For the respondent, *James Mercer Davis.*

For the appellant, *George B. Evans.*

The opinion of the court was delivered by

KAYS, J. This is a suit for personal injuries to a young girl six years old, who was run down by a truck of the defendant while on her way to school in the borough of Maple Shade, Burlington county, New Jersey, where both plaintiff and defendant resided at the time of the accident.

On October 20th, 1923, it appears that Lena Greco left her father's residence on Elm avenue, in Maple Shade, and started to school. She attempted to cross the Moorestown and Camden turnpike, on one side of which she resided, the school being located on the opposite side. The defendant had lived at Moorestown for eleven years; he knew the location of the school house, and that children were accustomed to cross the street to reach this school. He also knew that it was about time for children to be proceeding on their way to school. The defendant, within a block or a block and a half of the point where the accident occurred, passed, with his truck, a trolley car going in the same direction, which trolley car, it was testified, was running at the rate of about twenty-five miles an hour. It was testified that the trolley car slowed down somewhat. The accident occurred in the neighborhood of the school house. The defendant saw many children crossing the street just before the accident occurred. The defendant testified that he slowed down. At the close of the plaintiffs' case defendant's counsel moved for a nonsuit, and the trial court refused to direct a nonsuit on the ground that there was sufficient evidence of negligence on the part of the defendant to make it a jury question. Such refusal of the trial court is one of the grounds of appeal.

We are of the opinion that the trial judge was correct in his ruling, for the reason that the defendant knew that young children were crossing the street on their way to

school at that particular time. He was acquainted with the location of the school house and the conditions on this street, as he had lived in Maple Shade for eleven years. He had passed the trolley car within a block or a block and a half of the point where the accident occurred, while the trolley car was running at a rate of twenty-five miles an hour. Although he claimed that he slowed down before the accident occurred, we think that question was for the jury, in view of the fact that in the short distance traveled he had passed the trolley car and gone ahead of it almost half a block. It was for the jury to say, even if he slowed down, whether he slowed down sufficiently, and was sufficiently alert under the circumstances of the case to excuse him from negligence and the responsibility of the accident.

Another ground for appeal was the refusal of the trial judge to order a verdict in his favor. This was also properly refused for the reasons above stated.

Defendant also contends that the trial judge improperly admitted X-ray plates, showing the character of the child's injury. This objection is based upon the fact that the doctor who produced them at the trial had not, himself, taken them. The plates, however, were taken by another doctor, under the supervision of the doctor who testified, and at a hospital where the witness was engaged in professional work, and where the child was taken. The rule is, as laid down in the case of *Robinson* v. *Payne,* reported in 99 *N. J. L.* 135, that if the correctness of X-ray photographs is established by the testimony of the person making them, or if they are identified by the surgeon under whose general direction and for whose use they were made, and by whom they were used in his diagnosis of the bodily injury, they are admissible in evidence.

We are therefore of the opinion that the X-ray photographs were properly admitted in evidence, as they were identified by the physician at the hospital where the child was taken, and were made under the witness' supervision and direction, and for his diagnosis of the injury.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 16.

*For reversal*—None.