JOHN P. CLARK, Appellant, v. AUGUST W. REISING.—107 S. W. (2d) 33.

Division One, June 30, 1937.

*Ralph, Rush & Brown* and *Clarence L. Shotwell* for appellant.

*Walter Wehrle* for respondent.

DOUGLAS, J.—This is an action for $20,000 damages for personal injuries which plaintiff sustained while riding as a guest in defendant's automobile. Judgment was for defendant and plaintiff has

appealed. The evidence shows that on the 9th day of September, 1933, plaintiff met the defendant, a friend of seven years, and after spending the afternoon together they drove in defendant's automobile to a dance pavilion on the city road in St. Louis County, where they remained until about one o'clock the following morning, drinking several glasses of beer and watching the dancing. When they left there defendant drove and plaintiff sat in the same seat with and at the right of the driver. At about one-thirty A. M. driving west on Olive Street Road they reached a point about 600 feet west of the intersection of Olive Street Road with the Woods Mill Road where the Olive Street Road curves to the right, when the defendant's automobile collided with an automobile of one Haas who was driving eastwardly. As a result of the collision defendant's automobile was knocked over on its side and plaintiff lost consciousness. The highway is paved with concrete and with the usual black line in the center. Testimony was conflicting and to the effect that each party to the collision was on the wrong side of the road. The defendant was charged with negligence in failing to observe the provisions of the statute requiring every person operating a motor vehicle to keep as close to the right-hand side of the highway as practicable and upon meeting another vehicle coming from the opposite direction on the same highway to turn to the right of the center of the highway so as to pass without interference and in rounding curves to reduce the speed of and keep his vehicle as far to the right of the highway as reasonably possible. The defense was that the collision was due to the sole negligence of Haas, the driver of the eastbound automobile, in that he was driving on the left side of the road.

Defendant asserts that plaintiff's appeal should be dismissed for the violation of Rule 15 of this court. The appellant's brief does not contain any formal assignment of errors, yet appellant does assign error in the subheads of his points and authorities. This has been accepted as a substantial compliance with the statute and our rules, although we do not approve of this practice. [Kirkland v. Bixby, 282 Mo. 462, 222 S. W. 462; Byam v. K. C. Public Service Co., 328 Mo. 813, 41 S. W. (2d) 945.]

Appellant contends that the court erred in admitting the testimony of one Charles Brommelsiek, an automobile repair man, who was called to the scene of the accident, on the ground that it was too remote, indefinite and uncertain to constitute admissible evidence because of the lapse of time between the accident and his arrival at the scene. All of the testimony placed the time of the accident at between one or two A. M. The witness testified that he arrived there around one-thirty or two A. M. or at the most an hour after the accident. He testified that he saw on the surface of the highway extending from east to west what "looked like a tire mark,

a black mark about 15 feet long, . . . which turned off from the south side over to the north side of the highway, just a little across the black line of the road," the east end of which extended almost to a point abreast of the front wheel of defendant's car as it was lying on its right side, and about twelve inches north of the center line of the highway; that he has been in the garage business for thirteen years and was familiar with tire marks. This testimony supplemented that of Haas, the driver of the eastbound car, called as a witness for the plaintiff, who testified that when he was about twelve or fifteen feet away from defendant's car, he put on the brakes which took hold and "there were marks there which I saw." On rebuttal, he again testified that he put on his brakes and made a mark on the road, but that the marks were on the south of the center line and that he "did not notice any marks north of the center line near where the cars came together." The submission of Brommelsiek's testimony to the jury was proper.

The testimony of a witness about wheel tracks, wheel prints, skid marks or other marks who, within a reasonable time thereafter, visited and examined the scene of an accident is ordinarily admissible. The length of time intervening between the accident and the examination and the physical conditions surrounding the place of the accident which would affect such marks, such as the amount of travel on the highway, whether or not its surface was wet or dry, are elements which ordinarily affect the weight, rather than the materiality of such testimony. [Troxell v. De Shon (Mo. App.), 279 S. W. 438; 42 C. J., sec. 1024.]

Evidence of skid marks observed one hour, four to five hours, the next morning and the second morning after the accident were held admissible in Tomasko v. Raucci (Conn.), 155 Atl. 64; Flach v. Fikes (Cal.), 267 Pac. 1079; Still v. Swanson (Wash.), 27 Pac. (2d) 704.

Plaintiff complains of the exclusion of his X-ray films. The keeper of the record room of the St. Louis County hospital testified for plaintiff, identifying the hospital records of his treatment there which were in her charge. She also produced X-ray films alleged to be of plaintiff, stating that they were not in her charge but were under the control of a trained nurse in charge of all X-ray records from whom she had received them and that they were kept in the X-ray department separate from the record room. Plaintiff also produced the hospital's X-ray technician, who was not a doctor, to testify about these X-rays. He stated that he had made X-rays under the supervision of the doctor in charge of the X-ray department, developed them and delivered them to the doctor; that it was the practice of the doctor and the nurse in charge of X-rays to place an identification label on the films bearing the name of the patient,

the name of the doctor in charge of the case and the name of the roentgenologist. The witness further stated that although he would put a number on each film he had nothing to do with attaching the identification label and without referring to this label he could not identify the films as being those taken of the plaintiff. The court excluded the films because they had not been properly identified.

The sufficiency of the verification of the X-rays is within the discretion of the trial judge. [Gulf Research Development Co. v. Linder (Miss.), 170 So. 646; 10 R. C. L. 360.] Neither the nurse in charge of the X-ray records nor the doctor under whose supervision and who was present when the X-rays were taken and labeled testified. We sustain the ruling of the trial court. [Very v. Willi (Mo. App.), 293 S. W. 500.]

Plaintiff contends that under the rule stated in State v. Court, 225 Mo. 609, 125 S. W. 451, the X-rays should have been admitted. That case held that in proving a prior conviction by a record of the same court admitted in evidence identity of name is *prima facie* evidence of the identity of the person. Such presumption can arise only where there is evidence before the court on which to base it. Here the X-rays were not admitted so that this case is not applicable.

Plaintiff complains of the admission of X-rays offered by the defendant. The doctor who, with the aid of his assistant, took the X-rays positively identified them as being X-rays of the plaintiff. They were properly admitted. [Very v. Willi, supra; Greco v. Schmidt (N. J.), 129 Atl. 146.]

Plaintiff offered to prove by his own testimony that since the accident he has been unable to work because of his physical condition. The court said that he could describe his physical condition, but could not testify as to whether or not he was unable to work as that was a matter for the jury. In Patterson v. Springfield Traction Co., 178 Mo. App. 250, 163 S. W. 955, it was held that plaintiff could properly testify that she was not able to work after the accident. However, in this case plaintiff's doctor testified that plaintiff will be unable to perform any manual labor on account of his physical condition, which testimony was admitted without objection, so that the error, if any, of the trial court was harmless as the fact sought to be established by the rejected evidence was later established by other evidence. [Hicks v. Hannibal & St. Joseph Railroad Co., 68 Mo. 329; Powell v. Union Pacific Railroad Co., 255 Mo. 420, 164 S. W. 628.] Furthermore, as the jury found against plaintiff on the merits, the rejection of this testimony and also the testimony above about plaintiff's X-rays which concerned only the extent of the injuries and thereby the amount of damages, cannot be asserted as grounds for reversal. [Wolfson v. Cohen (Mo.), 55 S. W. (2d) 677; Barraclough v. Union Pacific Railroad Co., 331 Mo. 157, 52 S. W. (2d) 998.]

■ Error is claimed in giving defendant's Instruction No. 6 as follows: "The court instructs the jury that you are not to take into consideration, until the negligence has been determined, the nature, character or extent of the alleged injuries to plaintiff *except as an aid to you in determining whether or not defendant was negligent.*" (Italics ours.) Without the italicized clause, such an instruction was condemned as reversible error in Ryan v. Burrow, 326 Mo. 896, 33 S. W. (2d) 928, and Stolovey v. Fleming, 320 Mo. 946, 8 S. W. (2d) 832. These cases held that the nature, character and extent of the injuries were circumstances which might be considered along with all the other facts and circumstances in determining the issue of negligence and such facts should not be excluded from the consideration of the jury in determining that issue. To meet this objection, the italicized clause was inserted in a similar instruction which was approved in Wolfson v. Cohen, supra, and which held that this clause clarified the meaning of the instruction and prevented it from declaring an erroneous rule. Such instruction cautioning the jury should be used with caution by the court. There was no dispute in this case about how the plaintiff was injured and we hold that the giving of this instruction was proper.

The judgment should be affirmed. It is so ordered. All concur.