MINERVA C. EISENBARTH, APPELLANT, v. POWELL BROTHERS TRUCK
LINES, INCORPORATED, A CORPORATION, RESPONDENT.—125 S. W.
(2d) 899.

St. Louis Court of Appeals.   Opinion filed March 7, 1939.

Motion for rehearing overruled March 21, 1939.

Petition for writ of certiorari granted May 2, 1939.

Writ of certiorari quashed by Supreme Court, February 21, 1940.

*Thomas J. Cole* for respondent.

*B. Sherman Landau* for appellant.

444

SUTTON, C.—This is an action to recover damages for personal injuries sustained by plaintiff in a collision between her Chevrolet motor car in which she was riding and defendant's motor truck and trailer driven by defendant's chauffeur.

The collision occurred on August 9, 1935, about two o'clock in the morning on U. S. Highway 66, about two and one-half miles west of Stanton. At the time of the collision the Chevrolet car was traveling west and the truck was traveling east.

The trial, with a jury, resulted in a verdict for the defendant and judgment was given accordingly. Plaintiff appeals.

Plaintiff and Marie Walsh operated a filling station, with tourist cabins and a restaurant, on U. S. Highway 66, near Bourbon. They closed their place of business about eleven P. M. and took a drive toward St. Louis without intending to go anywhere in particular. Miss Walsh drove the car and plaintiff rode in the front seat beside her. They stopped at a restaurant in Stanton, about fifteen miles from Bourbon, where they had sandwiches and a bottle of beer. They left the restaurant about two o'clock and drove back west towards Bourbon on U. S. Highway 66. Miss Walsh drove the car and plaintiff rode in the front seat beside her.

Plaintiff testified that it was foggy that night; that Miss Walsh was driving about twenty miles per hour; that they were traveling west on the north side of the road; that she saw some lights ahead on the north side of the road; that the lights went off with a flash, and with that Miss Walsh started to slow down, and she saw the truck turning toward its right-hand side of the road; that she couldn't distinguish it because it was too foggy; that it turned toward the right side of the road and then there was a crash; that when she first saw the lights they were on the north side of the road about thirty-five feet away; that then the lights went off and remained off until the collision occurred; that the truck crossed in front of her car to her left, and then she felt an impact; that she did not know what happened immediately after the accident; that when she regained consciousness she was on the highway and Miss Walsh was lying there alongside of her; that someone called an ambulance and put her in the front seat and Miss Walsh in the back seat; that Miss Walsh was dead; that the collision occurred on her right-hand side of the road; that she saw those headlights on her right-hand side of the road; that her car at no time got over on the wrong side of the road.

Plaintiff was taken to the office of Dr. P. Royse for treatment. The doctor testified that she was in agonizing pain; that she showed a laceration on the back of her head; that she complained of pain on movement of the head and pain all up and down the spine; that she had a contusion to the low cervical vertebra where it joins the thoracic vertebra at the back of the neck; that her neck was swollen quite noticeably by nine or ten o'clock that morning.

Tom P. Shaffer testified, on behalf of defendant, that he went to the scene of the accident about three o'clock in the morning; that there is a slight curve to the southwest in the highway; that traveling east there is a slight upgrade; that the truck was about two-thirds

off the pavement on its right-hand side headed east; that the main impact had been at the rear wheels of the truck; that it turned them just back a little bit; that the Chevrolet was headed at an angle of about forty-five degrees; that there was broken glass pretty close to the truck; that the girls were out of the car when he got there and one of them was dead; that plaintiff was very hysterical; that he asked her if she didn't know what had happened and she said "No, I was asleep with my head on the girl's lap, and the next thing I knew I was being picked up;" that when he got to the scene of the accident he had them roll the Chevrolet back on the north shoulder of the highway so that traffic could get through.

Plaintiff testified that she was not asleep when the accident occurred, and did not tell Mr. Shaffer that she was asleep.

Wayne G. Henderson testified, for defendant, that he arrived at the scene of the accident about seven o'clock in the morning; that the truck was headed east; that the right wheels were on the shoulder and the front end of the truck was out just a little from the general direction of the outfit and the rear left wheel of the truck had been forced back about eighteen inches and the trailer had two or three dents in the side; that there was part of a light and some oil on the south side of the pavement, but there was no debris on the north side.

Ed Strohfeld, defendant's chauffeur, testified, on behalf of defendant, as follows:

"At the time of the accident I was driving uphill about fifteen to eighteen miles an hour. At the time the Chevrolet car was over the black line, and I dimmed my lights two times in order to attract the attention of the driver. The truck was on the right-hand side of the highway, and I think the Chevrolet was about three hundred feet away. I blew my horn. They were driving quite fast. When the Chevrolet car struck the truck the impact caused it to slide down and the axle approximately on the black line, the truck skidded forward approximately three or four feet, and sideways, leaving room for the traffic to go between the Chevrolet car and the truck by being careful. When the Chevrolet came to a rest it extended at least two feet over the black line and on the south side of the highway. When I went back to the wrecked Chevrolet car, there were two bodies there. They had fallen out or probably had been thrown out. One was dead and the other moaning. The truck was possibly ten feet east of the Chevrolet car. At the time of the crash the truck was off, headed toward the ditch, but the impact striking the front end of the trailer at the fifth wheel, which was a swivel joint, would swing this automatically around."

Lantis F. Cope, who was riding in the truck with the chauffeur, testified, for defendant, that he first saw the Chevrolet car when it was 200 feet away; that when he first saw it, it appeared to be on its side of the road; that as it came closer it gradually started pulling

over the black line; that the truck was on the right-hand side of the black line the entire time; that the chauffeur noticed it and began pulling the truck to the right on the shoulder; that he had his front wheel almost off the pavement at the time of the crash; that all the right wheels of the truck were on the shoulder at the time; that the Chevrolet got over the black line about thirty or thirty-five feet from the truck; that the Chevrolet gradually pulled right over the black line and by the time it got to the truck both the front wheels were over the black line; that the car was headed southwest at the time of the collision.

Plaintiff assigns error for the giving of defendant's Instruction No. 5, advising the jury respecting the credibility of the witnesses.

The part of the instruction complained of is as follows:

"You are further instructed that if you believe that any witness has knowingly or wilfully sworn falsely to any fact or facts material to the issues in this case, you are at liberty to reject any portion of such witness' testimony which you believe to be false."

It is generally held that the propriety of giving, in any particular case, the familiar instruction, advising the jury that if they believe any witness has wilfully sworn falsely to any material fact in the case then they are at liberty to reject the whole or any part of such witness' testimony, is a matter to be left largely to the sound discretion of the trial court. [Howser v. Chicago Great Western R. Co. (Mo.), 5 S. W. (2d) 59; Malone v. Franke (Mo.), 274 S. W. 369; Kaiser v. Jaccard (Mo. App.), 52 S. W. (2d) 18; McCarthy v. Metropolitan Life Ins. Co. (Mo. App.), 90 S. W. (2d) 158; Carl v. Ellis (Mo. App.), 110 S. W. (2d) 805; State v. Hamilton, 304 Mo. 19, 263 S. W. 127.]

However, the instruction complained of here does not follow the usual formula. It told the jury that if they believed any witness had knowingly or wilfully sworn falsely to any fact or facts material to the issues they were at liberty to reject any portion of said witness' testimony which they believed to be false. It must have been somewhat mystifying to the jury to be told that they were at liberty to reject testimony which they believed to be false. However, we would be reluctant to hold the instruction prejudicially erroneous on this account. [State v. Busch (Mo.), 119 S. W. (2d) 265, l. c. 269.]

Plaintiff assigns error for the giving of defendant's Instruction No. 6, as follows:

"The Court instructs the jury that the burden of proof is on the plaintiff to prove to your satisfaction, by the preponderance or greater weight of the credible testimony that the defendant on the occasion in question was guilty of negligence as submitted to you in the Court's instructions, and this burden of proof continues and abides with plaintiff throughout the entire trial; and, unless you believe and find from the evidence in the case that plaintiff has proven by a preponderance of the credible testimony that the defendant was

guilty of negligence as defined and submitted to you in the instructions of the court, and that such negligence was the direct and proximate cause of plaintiff's injuries, if any, then your verdict must be for the defendant.''

The instruction is complained of on the ground that it places the burden of proof on plaintiff as to the issue of plaintiff's contributory negligence. Clearly, the instruction is not amenable to this complaint. It merely puts the burden on plaintiff as to the issue of defendant's negligence.

Plaintiff assigns error upon the giving of defendant's Instruction No. 7, as follows:

''The court instructs you that it is your duty in considering the evidence, deliberating upon and determining the facts in this case, to first decide upon the question of whether under all the facts and circumstances there is or is not any negligence upon the part of defendant as defined to you by other instructions. Until this question of negligence has been determined by you, you have no right to take into consideration the nature, character or extent of the alleged injuries to plaintiff, except as an aid to you in determining whether or not defendant was negligent, or the amount, if any, that the plaintiff is entitled to recover because of such injuries. If the plaintiff is not entitled to recover, that is, if it is not shown to your reasonable satisfaction by the greater weight of the credible testimony upon the question of negligence that she should recover at your hands, then you should not and must not in your deliberations at all consider to what extent, if any, she has been injured.

''Neither passion, prejudice nor sympathy should influence you in any manner in deciding the case; for it is your sworn duty to try this case and decide it according to the evidence and the instructions.''

An instruction similar to this was tolerated by our Supreme Court in Wolfson v. Cohen, 55 S. W. (2d) 677. But the facts in that case were very different from the facts in the present case. Moreover, in that case the issue of negligence on the part of defendant was submitted to the jury under the humanitarian rule only and contributory negligence was not an issue in the case, whereas in the present case plaintiff's instruction directs a verdict for the plaintiff upon the negligence of defendant in failing to keep its truck as close to the right-hand side of the highway as practicable if the jury finds from the evidence ''that plaintiff was not negligent on the occasion mentioned in the evidence.'' So that contributory negligence was an issue in the case.

The instruction complained of here is clearly erroneous in that it puts upon the plaintiff the burden of proof ''upon the question of negligence.'' In other words, it puts upon her the burden of proof with respect to her own negligence, as well as with respect to defendant's negligence. [Szuch v. Ni Sun Lines (Mo.), 58 S. W. (2d)

471; Bennett v. National Union Fire Ins. Co. (Mo. App.), 80 S. W. (2d) 914; Manar v. Taetz (Mo. App.), 109 S. W. (2d) 721.]

We recognize that the first two clauses of the instruction deal with the negligence of defendant, but the jury had before it also plaintiff's instruction dealing with the negligence of the plaintiff as well as with the negligence of the defendant. Reading the two instructions together, we do not think it may be said that the jury understood that the third clause of defendant's instruction, which is a separate and independent clause, referred to the negligence of defendant rather than to the negligence of both plaintiff and defendant.

Instructions, like defendant's instruction which we are here considering, telling the jury that until the question of negligence has been determined they have no right to take into consideration the nature, character or extent of plaintiff's injuries, omitting the clause, "except as an aid in determining whether or not defendant was negligent," have been severely and justly condemned by our Supreme Court on the ground that such instructions deprive the jury of the right to consider the nature, character or extent of the plaintiff's injuries in determining the question of defendant's negligence. Such an instruction was also condemned in Ryan v. Burrow (Mo.), 33 S. W. (2d) 928, 1. c. 929, on another ground, as follows:

"Under our system of jurisprudence it is the province and duty of the jurors, in law cases tried to a jury, to determine the facts. We think they should not be hampered in their deliberations by directions from the court telling them in what order they must consider the evidence and determine questions of fact submitted to them. It seems to us that such directions are calculated to embarrass and confuse rather than to aid and enlighten the jurors in considering and weighing the evidence and attempting to arrive at a correct determination of the facts. . . . Since it is not the duty or the province of the court to analyze and weigh the evidence and determine questions of fact submitted to the jury, it should not, ordinarily at least, attempt to direct the jurors how or in what sequence to proceed in their deliberations in the jury room in performing their function, but should leave them free to consider all the evidence in such way as to them seems best calculated to arrive at the truth."

That ground of condemnation of the instruction would have equal application to an instruction, such as we are here considering, containing the clause, "except as an aid in determining whether or not defendant was negligent."

There is another criticism which might be justly made against defendant's instruction, under the facts of the present case. It unduly minimizes the importance of plaintiff's injuries. It tells the jury that, until the question of defendant's negligence has been determined, they have no right to take into consideration the nature, character, or extent of plaintiff's "alleged injuries," except as an aid to the jury

in determining whether or not defendant was negligent, or "the amount, if any," that plaintiff is entitled to recover because of such injuries, and that if it is not shown by the greater weight of the credible testimony upon the question of negligence that plaintiff should recover then they should not and must not in their deliberations at all consider to what "extent, if any," she has been injured, as though there were a question that plaintiff had sustained any injuries at all meriting the consideration of the jury, whereas the undisputed testimony shows that plaintiff sustained serious and permanent injuries. Defendant's own witness, the driver of the truck, testified that after the accident the plaintiff, and Miss Walsh as well, were lying on the pavement, the one unconscious and moaning, and the other dead. Plaintiff had a wound in the back of her head and her clothing was saturated with blood. Three doctors testified, as did also the hospital records, to the seriousness and permanency of her injuries, and there is not a word of testimony to the contrary.

Moreover, the third clause of the instruction is designed to mislead and confuse the jury in that it tells the jury that if the plaintiff is not entitled to recover, that is, if it is not shown by the greater weight of the credible testimony upon the question of negligence that she should recover, then they should not and must not in their deliberations at all consider to what extent, if any, she has been injured. In other words, it tells them that after they have determined that plaintiff is not entitled to recover, then they should not at all consider the extent, if any, she has been injured. To what purpose does the instruction tell the jury that they must not at all consider to what extent plaintiff was injured, after they have determined that she is not entitled to recover at all, except to repetitiously belittle the importance of her injuries and to mislead the jury to understand that her injuries are not to be considered at all in determining whether or not she is entitled to recover?

The instruction is also prejudicial, we think, in view of the facts and circumstances of this case, reading it in connection with defendant's Instruction No. 6, in that it unnecessarily repeats and thus unduly emphasizes the burden of proof to be carried by plaintiff in making out her case. [Miller v. Williams (Mo.), 76 S. W. (2d) 355, l. c. 357.] Defendant's Instruction No. 6 fixes the burden on the plaintiff in forceful and elaborate terms. It certainly is in nowise lacking in completeness and vigor in so fixing the burden of proof. To what purpose then was the jury again told that the burden of proof was on plaintiff to show by the greater weight of the credible testimony on the question of negligence that she was entitled to recover. None, of course, except to unduly and unnecessarily emphasize the burden put upon plaintiff to entitle her to recover.

Furthermore, the instruction as a whole is too much in the nature of a lecture to the jury as to their duty to defendant and not as to

their duty with respect to the whole case. It shows too much solicitude on the part of the court for the welfare of the defendant. It is also designed to impress the jury with the thought that the court regards the plaintiff's injuries as of a trifling nature, so as to preclude them from bringing to the consideration of the issue of defendant's liability or not a proper appreciation of the gravity of the decision they are called upon to make.

What was said by our Supreme Court in Nelson v. Evans, 93 S. W. (2d) 691, l. c. 694, is pertinent here, as follows:

"We cautioned, in Mitchell v. Dyer, 57 S. W. (2d) 1082, l. c. 1083, that a short simple instruction ought to be sufficient on the subject of the burden of proof. This ruling was referred to and approved in Rouchene v. Gamble Const. Co. (Mo.), 89 S. W. (2d) 58, l. c. 63, where it was suggested that a short instruction on the burden of proof with a definition of what is meant by burden of proof is all that ought to be given in civil cases."

In the Wolfson case, heretofore adverted to, there was no dispute about how plaintiff was injured. In the instant case there is a very live dispute about how plaintiff was injured. Defendant produced evidence of an admission by plaintiff that she was asleep with her head in Miss Walsh's lap at the time the collision occurred, whereas plaintiff testified that she was not asleep but was sitting up in the seat. The evidence shows that the top of the car was knocked off. Defendant sought to show that had plaintiff been sitting erect she would inevitably have received injuries about the head when the top of the car was knocked off. The testimony shows that she did receive injuries to her head. There was an injury to the left eye and a laceration on the back of her head at the base of the skull, involving an injury to the brain, and an injury to the cervical nerves and vertebrae.

Defendant relies on Clark v. Reising (Mo.), 107 S. W. (2d) 33. The instruction in that case consists of one brief paragraph. It is nothing like the instruction in the present case, and the facts are different. There was no dispute in that case about how the plaintiff was injured.

The last clause of the instruction with which we are here concerned, considering it in connection with the antecedent clauses, obviously operates as a caution against a verdict for plaintiff, that is, that neither passion nor prejudice against the defendant nor sympathy for the plaintiff shall influence the jury in any manner in deciding the case. There is in the language of the clause, considering it in the light of the antecedent clauses of the instruction, a subtle suggestion to the jury that only through passion or prejudice against defendant or sympathy for the plaintiff could they bring in a verdict for plaintiff. The whole instruction is palpably leveled against the plaintiff's right to recover. Reading it as a whole it becomes obvious that its purpose

452

and design. is to "caution" the plaintiff out of a verdict however meritorious her case may be.

Complaint is made of the rulings of the court with respect to a number of remarks made by defendant's counsel during the progress of the trial and in his argument to the jury, among them the following:

"Mr. Blocher is a shrewd and clever lawyer as the result of trying many of these lawsuits when there is little, if any, liability."

"The driver of the truck was not prosecuted."

"There was no prosecution of this young man."

"Plaintiff is executrix of Miss Walsh's will and inherited her property."

The rulings of the court respecting these remarks have not been properly preserved for appellate review. But this does not alter the fact that the remarks got to the jury. They may properly be considered, we think, in passing upon the prejudicial effect or not of instructions.

The Commissioner recommends that the judgment of the circuit court be reversed and the cause remanded.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and the cause remanded. *Hostetter, P. J.,* and *Becker* and *McCullen, JJ.,* concur.

ON MOTION FOR A REHEARING.

SUTTON, C.—Defendant, on motion for a rehearing, urges that the instruction which we have held reversibly erroneous was harmless because under the evidence the verdict was clearly for the right party. In this connection defendant suggests that though plaintiff testified she and her friend, Miss Walsh, drank only one bottle of beer at the restaurant and plaintiff's physician testified that he discerned no odor of liquor on her breath, a witness for defendant testified that they drank two bottles of beer. The implication in this suggestion is that Miss Walsh and plaintiff were intoxicated at the time of the accident, and that plaintiff in an intoxicated condition went to sleep with her head in the lap of an intoxicated driver, and in so doing was guilty of contributory negligence. Just such contributory negligence is pleaded by defendant in its answer. It is not the province of this court to weigh the evidence, but defendant's suggestion brings to mind a matter which, strange to say, we have hitherto overlooked, that is, that the nature and character of plaintiff's injuries was competent for consideration by the jury upon the question of plaintiff's negligence as well as upon the question of defendant's negligence, but the instruction only permits the jury to consider the nature and character of plaintiff's injuries as an aid in determining the question of defendant's negligence.

Defendant also urges that a number of its witnesses testified that the glass and debris resulting from the wreck were on the south side of the pavement, and that plaintiff is wholly uncorroborated in her testimony that the Chevrolet in which she was riding was kept on the north side of the pavement. In this connection, it should be observed that the plaintiff was at a great disadvantage in making proof as to how the accident happened. After the accident her friend, the driver of the Chevrolet, was dead, and plaintiff was unconscious. The one was taken to the undertaker and the other to the hospital. The driver of the truck and trailer and his friend were at the scene of the accident for a long time after the accident occurred. Furthermore, it may readily be inferred that if the collision did occur on the south side of the pavement, this resulted from the confusion engendered in the mind of the driver of the Chevrolet from the sudden appearance of the truck and trailer coming over a hill and around a curve on the wrong side of the road.

Defendant further urges that we are inconsistent in holding that the remarks of counsel have not been preserved for review here, and in also holding that such remarks may be considered in passing upon the prejudicial effect or not of the instructions. Defendant misapprehends our holding. We have not held that the remarks have not been preserved in the record. We have held that the rulings of the court respecting the remarks have not been preserved for review. The fact that the rulings have not been preserved for review does not eliminate the remarks from the record or alter the fact that the remarks got to the jury. We are not reversing the judgment on the ground of any erroneous rulings of the court respecting the remarks. We merely hold that such remarks may be considered in determing the prejudicial effect or not of the instructions.

Defendant further suggests, for what purpose we do not understand, that the remark of counsel for defendant during the argument to the jury that plaintiff would inherit Miss Walsh's property was provoked by the argument of plaintiff's counsel. We do not think this is so, but the record discloses that counsel for defendant during the direct examination of the plaintiff as a witness injected the same remark without the semblance of a provocation therefor.

Defendant urges that an instruction just like the instruction under review here was held not reversibly erroneous in Koebel v. Tieman Coal & Material Co. (Mo.), 85 S. W. (2d) 519. The facts in that case were very different from the facts in the present case. The crucial issue in that case related to whether or not the bicycle on which plaintiff was riding was struck by defendant's truck, and it did not appear that the evidence concerning the nature and character of plaintiff's injuries in any way tended to throw any light upon that issue. Moreover, there was no issue respecting contributory negligence.

The instruction under review in Waeckerley v. Colonial Baking Co. (Mo. App.), 67 S. W. (2d) 779, relied on by defendant, is not like the instruction under review here in any respect.

The Commissioner recommends that defendant's motion for a rehearing be overruled.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted. as the opinion of the court. Defendant's motion for a rehearing is accordingly overruled. *Hostetter, P. J.,* and *Becker* and *McCullen, JJ.,* concur.