James Lee NEAVILL, Jr., by James Lee Neavill, Sr., his Next Friend, Appellant,

v.

Myrtle H. KLEMP, Respondent.

No. 53057.

Supreme Court of Missouri,
Division No. 1.

May 13, 1968.

Robert A. McIlrath, Flat River, for appellant.

Roberts & Roberts, by Raymond R. Roberts, Farmington, for respondent.

HOUSER, Commissioner.

Action for $25,000 damages for personal injuries. A trial jury returned a verdict for defendant. Plaintiff has appealed.

Respondent's motion to dismiss the appeal for violation of Civil Rule 83.05 in ten respects and for breach of Civil Rule 79.03, V.A.M.R., fully considered, is overruled.

Plaintiff, 9 years of age, was struck by defendant's northbound automobile while crossing North Washington Street in Farmington at a school crosswalk, at a time when a crossing guard was on duty.

I.

There was no error in permitting Police Officer Ellis, who arrived at the scene about 5 minutes after the accident, to testify that he made an examination for skid marks and found skid marks in the right-hand lane going north, nine and a half steps long, and that the marks stopped 3 steps from the south edge of the crosswalk. This testimony was not "clearly hearsay," as urged. It was based upon personal observation, not what someone else told him. The fact that this is a heavily traveled intersection does not make the testimony inadmissible. "The testimony of a witness about * * * skid marks * * who, within a reasonable time thereafter, visited and examined the scene of an accident is ordinarily admissible. The length of time intervening between the accident and the examination and the physical conditions surrounding the place of the accident which would affect such marks, such as the amount of travel on the highway, * * * are elements which ordinarily affect the weight, rather than the materiality of such testimony. Troxell v. De Shon (Mo.App.) 279 S.W. 438, 42 C.J., § 1024." Clark v. Reising, 341 Mo. 282, 107 S.W.2d 33, 35 [3, 4]. And see McCrary v. Ogden, Mo.Sup., 267 S.W.2d 670, 675 [11].

II.

There was no error in permitting Officer Ellis to read into the record portions of a statement taken from the crossing guard Crouch outside the presence of plain-

tiff. The objection is that this testimony was "hearsay, under the guise of rebuttal." Crouch had testified for appellant that he was standing in the *center* of Washington Street; that respondent's car *skidded into the crosswalk*; that the *right side* of the automobile struck the boy; and that the boy fell on the right side of North Washington Street. Officer Ellis testified that the crossing guard stated to him that he, the guard, was in the *center of the right lane;* that *he did not see the vehicle until he heard the tires sliding* on the road; that the *left side* of the car hit the boy, and that he had to walk around the car to get to the boy. The guard was plaintiff's witness. The statement of the guard to the investigating officer was inconsistent with his testimony in court. Defendant had a right to impeach the guard's statement by showing his prior inconsistent statement. "Broadly speaking, any statement of a witness inconsistent with his testimony should be admitted to discredit or impeach him, whether made in or out of court." 98 C.J.S. Witnesses § 582, p. 556. "The rule unquestionably is that a witnesss may be contradicted by proof of a contrary statement whether made in or out of court." Murphy v. Kroger Grocery & Baking Co., Mo.App., 185 S.W.2d 62, 68 [9]. See numerous applications of this fundamental rule in 29A Mo.Dig. Witnesses ■■■■

### III.

■■■ There was no error in permitting Officer Ellis to read the following portion of the same statement taken from the crossing guard: "While I was waiting for the traffic to get by before the boy was hit they kept wanting to go down the street and cross. They wanted to do something or see some boy down the street. I put my sign across in front of them and made them wait." This is objected to on the ground that it was hearsay and incompetent and that its admission was "prejudicial for any purpose." This portion of the statement was not admissible for impeachment purposes (Crouch not having testified to

the contrary) and did constitute hearsay evidence of the facts stated. The facts thus improperly proved, however, could not have prejudiced plaintiff in any wise, but could only have benefited his case. Three boys crossed the street. Two of them made it across safely. Only plaintiff, who was trailing the other two, was struck. Plaintiff was charged with contributory negligence in that he disobeyed the crossing guard's warning signal and ran into the street and into the automobile in violation of the guard's signal and without the guard's knowledge and consent. The hearsay evidence tended to negative the defense of contributory negligence and to demonstrate that the guard made the boys wait; that plaintiff was amenable to the guard's direction, was controllable and was actually controlled. This, coupled with the guard's testimony now about to be related, supported plaintiff's contention that he was not contributorily negligent. The guard testified that he said to the boys, "Okay, we'll cross now"; that he walked to the center of the road with his sign facing north and south, "and Jimmie and the three [sic] boys come across. * * * Jimmie was behind the boys that had already stepped off the sidewalk, and all of a sudden here come a car slidin' in to the crosswalk, and Jimmie was unlucky, he was hit." Error without prejudice is no ground for reversal. "No appellate court shall reverse any judgment, unless it believes that error was committed by the trial court against the appellant, materially affecting the merits of the action." Civil Rule 83.13(b); § 512.160 [2], RSMo 1959, V.A.M.S.

### IV.

There was no error in refusing to discharge the jury because of improper argument of defendant's counsel, as charged. Here is the record:

"But, under these facts and circumstances in this case * * * if you bring in a verdict for the plaintiff in this case,

then any time that a child in the vicinity of a school—

"MR. McILRATH: Now, if the Court please, that's improper argument.

"MR. ROBERTS: I can draw an inference here, Your Honor.

"MR. McILRATH: It's improper argument.

"THE COURT: Overruled. Go ahead.

"MR. ROBERTS: I can draw an inference that any time you are driving in a neighborhood where there are schools or children playing and if one runs out—

"MR. McILRATH: Now, if the Court please, I want to object to that. When they go to referring to the Jury as individuals that's improper argument, any time you are driving—

"MR. ROBERTS: Any time anyone's driving, Your Honor.

"MR. McILRATH: I want to ask that all that be stricken out and the Jury told to disregard it, because it's improper.

"THE COURT: Well, they may disregard the reference to them individually. Then proceed with the argument.

"MR. ROBERTS: Any time any one is driving within the vicinity where there are children at play or in a school vicinity and you see them on the street, regardless of where they are or what they are doing you've got to stop, because if they run out and run into you as you're driving along, to bring in a verdict under this case, now, whoever is doing it, the same situation."

■ The court granted all of the relief for which plaintiff's counsel asked. The court in effect sustained the objection on the ground apparently attempted to be raised, namely, that it is improper to invite the jurors to put themselves in the place of the defendant. The court directed them to disregard the individual reference to the jurors. (Actually there had been no statement referring to the jurors individually

when the first objection was made; the only such reference was made in the colloquy between court and counsel.) Thereafter defendant's counsel went ahead and argued to the jurors about "you" seeing them; "you've got to stop," and "as you are driving along," but plaintiff's counsel *made no further objection* or request for any other or further relief. At no time did counsel ask for the relief he now seeks in the appellate court, namely, discharge of the jury. Plaintiff having obtained all of the relief requested, and having failed to object to the repetition of the argument, is held to have waived the objection. State ex rel. State Highway Commission v. Henderson, Mo.App., 381 S.W.2d 10, 12 [5].

■ There was no error in refusing to discharge the jury on account of that portion of the argument of defendant's counsel in which he stated or implied that at the time of the accident the witness Crouch was working for the Farmington School District; that at the time of trial Crouch was "over at the Lead Belt"; that plaintiff's father teaches "over in the Lead Belt" and that "You have a right to draw an inference, if you care to." It is urged that the argument that plaintiff's father and plaintiff's witness have a common employer is unfair, misleading, prejudicial and "obviously improper." Plaintiff's counsel, however, failed to make any objection to this argument, and therefore waived the objection. For the same reason (and for other reasons) there was no error in the following remark made by defendant's counsel in argument: "Now, the thing that you have a right to observe, and I'm sure you did, Mr. Crouch hob-nobbed with the family and sat with them all day long and stayed in the courtroom all day long."

V.

■ Appellant's last point is that "The Court erred in overruling Plaintiff's motion for new trial because the verdict is against the greater weight of the credible evidence and against the law under that evidence." We may not weigh the evi-

dence on appeal from a judgment rendered on the verdict of a jury. Homeyer v. Wyandotte Chemical Corp., Mo.Sup., 421 S.W. 2d 306, 309 [3]. "There is, perhaps, no more firmly established doctrine than that on appeal from a judgment rendered on a verdict of a jury, an appellate court is not authorized to weigh the evidence. * * * Whether a jury's verdict is against the weight of the evidence is a question for the trial court alone." Wilcox v. Coons, 362 Mo. 381, 241 S.W.2d 907, 917. The claim that the verdict is against the law under the evidence preserves nothing for appellate review. Schoene v. Hickam, Mo.Sup., 397 S.W.2d 596, 599 [2].

Judgment affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.