SCHAEFER, *Appellant*, V. ST. LOUIS & SUBURBAN RAILWAY COMPANY.

Division One, March 26, 1895.

1. **Railroad**: CARRIER AND PASSENGER.  In order to create the relation of carrier and passenger, there must be an offer to become a passenger on the one part and an acceptance of the offer on the part of the carrier.

2. ——— : ——— : INSTRUCTION.  An instruction to the effect that one who attempts to get on a car, with the intention of paying his fare when called upon is a passenger, is erroneous, in the absence of any qualification as to the time, place and manner of the attempt.

3. **Practice**: BURDEN OF PROOF.  The burden at all times rests upon the plaintiff to prove the allegations of his petition, but, upon certain facts being proved by him, he may, by reason of the legal conclusions deducible from the.establishment of such facts, be entitled to a judgment, where the facts so proved are left unexplained by defendant.

4. **Railroad**: PASSENGER: INSTRUCTION.  It is not error, in an action for personal injuries against a railroad company, to refuse an instruction declaring that if plaintiff, without negligence on his part, was injured in attempting to get upon defendant's car, "then the burden is thrown upon the defendant to show to the satisfaction of the jury that its employees managing the car exercised the utmost human care" in its management.

5. ———: ———: CONTRIBUTORY NEGLIGENCE: GETTING ON OR OFF MOVING TRAINS: QUESTION FOR JURY. Whether a person who attempts to get on or off a slowly moving train, especially at a platform, is guilty of contributory negligence, is a question of mixed law and fact, to be determined by the jury, under the guidance of proper instructions, in the light of attending circumstances.

6. Practice: ERROR: ESTOPPEL. One can not complain of error which he has himself introduced into the record.

7. Railroad: PERSONAL INJURIES: PASSENGER: CONTRIBUTORY NEGLIGENCE: INSTRUCTION. In an action against a railroad company for personal injuries, instructions which do not recognize plaintiff as a passenger are not, for that reason, erroneous, where the real issue is whether or not, in the light of all the evidence, plaintiff was guilty of negligence in attempting to board defendant's car, which directly contributed to the injury of which he complained.

8. Practice: INSTRUCTION. An instruction upon an issue not supported by any evidence is harmless.

9. ———: ———: JUDGMENT. A judgment will not be reversed for error in an instruction upon the measure of damages where the finding was for the defendant.

10. ———: WITNESSES: QUESTIONS BY COURT AND JURORS. The trial judge and members of the jury may question witnesses upon matters necessary for their consideration in determining the case before them.

*Appeal from St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Carlisle & Ottofy* for appellant.

(1) Refused instruction number 1 for plaintiff should have been given. The plaintiff was a passenger, even before he stepped upon the car, or after he left it. *Buck v. Railroad,* 108 Mo. 185; *Dougherty v. Railroad,* 9 Mo. App. 482, 485, and cases there cited; *Burbridge v. Railroad,* 36 Mo. App. 677. *First.* The court fails to define what constitutes a passenger; although it directs the jury to determine whether or not plaintiff was a passenger. *Second.* Being a pas-

senger the sudden starting of the car constituted negligence. *Buck v. Railroad*, 108 Mo. 185; *Wyatt v. Railroad*, 55 Mo. 485; *Dougherty v. Railroad*, 81 Mo. 329, s. c., 97 Mo. 647. (2) Refused instruction number 2 should have been given. When plaintiff makes out a *prima facie* case of negligence against a carrier the burden of proof is thrown upon him to show either *first*, that the utmost human care was exercised at the time, or, *second*, that the accident occurred by reason of some cause beyond the carrier's control. Instruction number 3 given for defendant is not the law. *Dougherty v. Railroad*, 9 Mo. App. 482; s. c., 81 Mo. 329; s. c., 97 Mo. 667; *Coudy v. Railroad*, 13 Mo. App. 588; s. c., 85 Mo. 85; *Hipsley v. Railroad*, 88 Mo. 352; *Furnish v. Railroad*, 102 Mo. 452, and cases cited, p. 453; *Roberts v. Johnson*, 58 N. Y. 617. (3) Instruction number 2, given for defendant is not the law. It is not negligence to board a slowly moving car at a platform. *Fulks v. Railroad*, 111 Mo. 335, and cases cited on p. 340; *Duncan v. Railroad*, 48 Mo. App. 662. *First.* The instruction assumes a fact not in evidence. There is no evidence to justify the giving of this instruction. There is no testimony that plaintiff attempted to board a moving car. (4) The verdict is against the evidence and the weight thereof and is the result of passion, bias and prejudice on the part of the jury. Their conduct throughout the trial shows it. *Hipsley v. Railroad*, 88 Mo. 354; *Avery v. Fitzgerald*, 94 Mo. 216; *Lionberger v. Pohlman*, 16 Mo. App. 398; *Spohn v. Railroad*, 87 Mo. 84; *Empey v. Railroad*, 45 Mo. App. 425. (5) Counsel for defendant, in his argument, made remarks unwarranted by the evidence and prejudicial to plaintiff's case. *Brown v. Railroad*, 66 Mo. 588; *Koch v. Hebel*, 32 Mo. App. 114; *Wilburn v. Railroad*, 48 Mo. App. 231. (6) Instruction number 4 given for defendant is improper. There is no evidence in the record to

support it.   (7)  The instructions given are conflicting and this is error.   Instruction number 2 given for plaintiff requires the jury to find that he was a passenger.   Instruction number 3 for plaintiff and all the instructions for defendant eliminate that question from the case.   *Bluedorn v. Railroad*, 108 Mo. 450; *Reardon v. Railroad*, 114 Mo. 405; *State v. Cable*, 117 Mo. 386.

*Lee & McKeighan* and *Montague Lyon* for respondent.

(1)  There was no error in refusing plaintiff's refused instruction number 1, for the reason that, even though the instruction may contain a correct abstract proposition of law, there is no evidence in the case to support the giving of the instruction as offered by the plaintiff, and, if given, would have been misleading; and, moreover, the instructions given in the case fully and fairly presented the issues to the jury, and the refusal of said instruction could not have been prejudicial to the plaintiff.   *Bergeman v. Railroad*, 104 Mo. 77; *Schroeder v. Railroad*, 108 Mo. 322; *Fulks v. Railroad*, 111 Mo. 335; *Payne v. Railroad*, 112 Mo. 6; *Nicholson v. Golden*, 27 Mo. App. 132.   (2)  Plaintiff's refused instruction number 2 was properly refused, because it undertakes to tell the jury that the mere sudden starting of the car while the plaintiff was a passenger, is presumptive evidence of negligence on the part of the defendant, and that the burden of proof is upon the the defendant to exonerate itself from such negligence; and because the instruction does not contain the element of the unusual or violent character of the starting of the car, which was necessary to raise the presumption that the defendant was guilty of negligence, and because the instruction if given, would virtually exclude from the consideration of the jury the question of the

plaintiff's contributory negligence. *Dougherty v. Railroad*, 97 Mo. 647. Instruction number 3 given for the defendant states the law correctly and was properly given. (3) Instruction number 2 given for the defendant is the law, and is in perfect harmony with the plaintiff's contention that it is not negligence *per se* to board a slowly moving car at a platform. This instruction leaves the question of the plaintiff's negligence to be determined as a fact by the jury. *Fulks v. Railroad*, 111 Mo. 335. (4) There is ample testimony from which the jury might reasonably have inferred that the plaintiff attempted to board the car while it was in motion. (5) The verdict of the jury, under all the testimony in the case, was in favor of the right party, and should not be disturbed. (6) The alleged objectionable remarks of counsel for the defendant in his argument to the jury, were warranted by the evidence. No prejudicial error appears which would authorize a reversal of the judgment on this ground. *Burdoin v. Trenton*, 116 Mo. 358; *State v. Thornton*, 108 Mo. 640; *Huckshold v. Railroad*, 90 Mo. 548.

ROBINSON, J.—This is a suit brought by plaintiff to recover $5,000 damages for injuries alleged to have been received at one of the defendant's stations on the St. Charles rock road, in the city of St. Louis, on August 9, 1892. Defendant is a street railroad company operating its line by electric power.

"Plaintiff's petition states that as he was about to board one of the trains on defendant's road for the purpose of being transported as a passenger from its station, and while he was in the act of getting on said train at its platform, but before he had done so, the said train, owing to the negligence and carelessness of the employees or servants of defendant in charge thereof, was suddenly started, and he was thereby thrown vio-

lently down upon the platform and dragged thereon, and that he was thereby greatly bruised and severely injured both internally and in his limbs."

The answer was a general denial, coupled with a plea of contributory negligence, and followed by the usual replication. There was a trial by jury and verdict for defendant. Many errors are assigned by appellant; but it is only necessary to notice a few of them in order to show the result we have reached.

The testimony in brief shows: That plaintiff lives at Wellston, on the south side of the old St. Charles road, about seventy-three steps west of defendant's track; that his house stands back ten or fifteen feet from the street; that on the morning in question, between 6 and 7 o'clock, he started from his home down town to work; that when he reached the platform he saw a car coming, waved his hand at the motorman to stop, and as the car came by the platform the motorman made a kind of a "jerk stop," as he expressed it; that he got his right foot on the step of the motor car and then the motorman made a jerk, and he fell on the platform, but kept hanging with his right foot, and was dragged, he thinks, about five feet to the other end of the platform. He tried to get on the back platform of the motor car and stepped up with his right foot on the first step; that the train stopped about twenty-five feet below the platform. When the train did stop he got on and went to his work. There were two cars in the train, a motor, and one attached thereto called "a trailer." The conductor was standing on the front platform of the trailer. Plaintiff testified that the car was going "down the hill pretty fast" and that "they came down tolerably fast" always. Plaintiff further testified that "the right stop was made twenty-five feet below the platform, and that this stop was made for him to get on down there."

It seems useless to go into the evidence at any greater length. It shows that the plaintiff was standing on the platform, saw the train coming and waved his hand for it to stop; that it was coming fast, the motorman endeavoring to stop it at the platform, but failed to do so; that the plaintiff endeavored to board the train before it did stop.

Appellant complains first, that the court erred in refusing to give instructions numbers 1 and 2 asked by plaintiff, which read as follows:

"1. The court instructs the jury, that although when the occurrence in question happened, the plaintiff had not paid his fare, and by reason of such event got off without paying; yet, if the jury believe from the evidence that he got on the step of the car for the purpose of getting upon the platform as a passenger, with the intention of paying his fare when called upon, then he was a passenger, and the defendant owed to him the same duties as if in fact he had paid his fare.

"2. The court further instructs the jury, that if they believe from the evidence that plaintiff was a passenger on one of defendant's cars (and while exercising reasonable care and diligence with respect to his own safety), the car *was suddenly started*, causing the injury now being inquired into, then the burden is thrown upon the defendant to show to the satisfaction of the jury that the servants and employees of the defendant, managing the car, exercised the utmost human care in the management of the same, or that the accident occurred by reason of some cause not under the control of the servants and employees of defendant, and, unless the defendant has so satisfied the jury, their verdict should be for the plaintiff."

By instruction number 1 the plaintiff would have the court declare that if defendant got on the step of the car for the purpose of getting upon the platform as

a passenger, with the intention of paying his fare when called upon, those acts made him a passenger, without regard to the fact as to how, when and where he got upon the step of defendant's car. This instruction wholly ignores the fact as to whether or not defendant ever agreed to accept plaintiff as a passenger, or did any act indicating an intention to accept him as such. Without a contract for carriage on one part shown, and an acceptance on part of the other, either expressed or implied, the relation of passenger and carrier can never exist.

In the case of *Schepers v. Railroad*, 126 Mo. 665, the court by MACFARLANE, J., makes use of the following language, which we think decisive of the question raised on this instruction: "It follows from what has been said that plaintiff did not become a passenger by a mere attempt on his part to board the car while in motion, as is declared by this instruction. There must have been some act on the part of the carrier indicating an acceptance." The offer must be made to become a passenger on one part, and an acceptance, on the part of the company, of the passenger on the other, before the relation of carrier and passenger can be said to exist.

The trial court committed no error in refusing instruction number 2 asked by plaintiff. The language of that instruction has been frequently condemned by this court. See case of *Furnish v. Railroad*, 102 Mo. 438, and cases there cited. While in the *Furnish case* the court refused to set aside a verdict on an instruction where the same language was used as in this, "that the burden is thrown upon the defendant to show to the satisfaction of the jury, etc.," still it criticises the use of the expression as being improper.

Strictly speaking, the burden of proof of care is never, at any stage of the proceeding, thrown upon

defendant. The burden at all times rests on plaintiff to prove the allegations of his petition, but on certain facts being shown by plaintiff he is entitled, by reason of the legal conclusions deducible by law from the establishing of those facts to a judgment, if left unexplained by defendant. If the trial court insists on these technical niceties and lawyers see fit to stand on the doubtful language of similarly worded instructions that have been in a manner tolerated and upheld in order to maintain verdicts found thereon, yet at the same time criticised as not being technically accurate, they must take the consequences. The most that this court has ever said by way of approval of instructions worded as this one asked by plaintiff and refused by the court is, that it would not disturb verdicts found upon such instructions, but it has never gone to the extent of saying that, if an instruction similarly worded is denied, it will, for that reason, set aside a verdict found against the party asking it.

Objection is made to instruction number two given at the request of defendant, which is as follows:

"The court instructs the jury that if they believe from the evidence that the plaintiff attempted to board a car of the defendant, while said car was in motion, and that the plaintiff was guilty of negligence in so doing and in the manner in which he so attempted to board said moving car, and that if the jury further find and believe from the evidence that the plaintiff's said negligence directly contributed to his injury, then the jury will find their verdict in favor of the defendant."

This instruction placed properly before the jury the question whether or not plaintiff was guilty of negligence or want of care which directly contributed to the injury when plaintiff attempted to get on the platform of defendant's car. It must be remembered that plaintiff himself testified that the train was running

"pretty fast." Nor does the case of *Fulks v. Railroad*, 111 Mo. 335, support plaintiff in his contention. In fact the instruction was, if anything, in favor of plaintiff in view of all the evidence in the case.

This instruction very clearly does not place upon plaintiff the burden of showing that he was not guilty of contributory negligence, and the record before us contains abundant evidence, especially in connection with the physical facts, to prove that the train was moving when plaintiff attempted to board it. In the *Fulks case*, it is said—page 340: "To attempt to get on or off a train in rapid motion would be an act of gross negligence; but it is generally held that the courts will not, as a matter of law, declare a person guilty of contributory negligence who attempts to get on or off a train while it is moving slowly, especially at a platform. The question of contributory negligence in such cases is one of mixed law and fact, and should be determined by the jury, under the guide of proper instructions, in the light of all the attending circumstances."

Instruction number 2 given for defendant is in line with the other instructions asked by defendant and given at its request, and very carefully marks the distinction between requiring the plaintiff to show that he was not guilty of contributory negligence and allowing the jury to find in the light of all the evidence that such was the fact.

The objection is also made that instruction number 2, given at the request of plaintiff, required the jury to find that plaintiff was a passenger, and that instruction number 3 for plaintiff, and all the instructions for defendant, eliminate that issue, are conflicting and for that reason are erroneous. This objection is not tenable for the reason that, if any error there was, instruction number 3 for plaintiff, which eliminates

that issue, was requested by plaintiff, and he certainly can not complain of error which he himself has introduced into the record. However, we think that no error was thereby committed, for, in view of all the evidence, as we said before, it can certainly make no difference whether or not plaintiff was a passenger at the time he attempted to get on defendant's train, the issue before the jury being as to whether or not, in the light of all the evidence, plaintiff was guilty of negligence or want of care in his attempt to board defendant's car which directly contributed to the injury of which he complained.

The statement of the objection made by appellant to instruction number 4 given for defendant, "No evidence in the record to support it," is, of itself, an answer to the objection. If no evidence, no finding could be made on the false issue presented; and, again, how could the plaintiff claim that he was injured by an instruction that told the jury, "that defendant was not liable for any damages that resulted to plaintiff by reason of any lack of care on his part in properly caring for, and treating the injury which he received while attempting to board the defendant's car, and if the jury believe from the evidence that, by any act of imprudence on the plaintiff's part, or that, by want of proper care or treatment of the injury received by the plaintiff, said injury was thereby aggravated, then the defendant is not liable for the damages resulting to the plaintiff through said want of care or treatment," when the jury found, from all the evidence offered, that defendant was not in anywise liable. If no liability is established, then the question of its limitation is certainly not serious. The instruction, in view of the facts proven, or rather want of facts, was erroneous, but, in view of the finding of the jury, was alike harmless.

The other objections made by plaintiff are immaterial and unnecessary to notice. All the issues were fairly submitted to the jury. Plaintiff's counsel objects to the court having asked questions of the various witnesses, and, also, to the fact that one or two of the jurymen also asked questions of the witnesses in their endeavor to properly understand the facts in evidence. We do not see how this could have possibly been prejudicial to the plaintiff, and do not see why it was not a commendable thing in both the court and the jury endeavoring to ascertain just exactly the situation at the time of the injury, so that they could properly determine the case before them. In fact, the objection is rather a novel one coming from the plaintiff.

All of which results in an affirmance of the judgment. All concur.