STATE OF MISSOURI at the relation of POWELL BROTHERS TRUCK LINES, INCORPORATED, Relator, v. JEFFERSON D. HOSTETTER, WILLIAM DEE BECKER and EDWARD J. McCULLEN, Judges of the St. Louis Court of Appeals.—137 S. W. (2d) 461.

Division Two, February 21, 1940.

916

*Thos. J. Cole* for relator.

*B. Sherman Landau* for respondents.

ELLISON, P. J.—Certiorari to the judges of the St. Louis Court of Appeals bringing up the record in Eisenbarth v. Powell Bros. Truck Lines, Inc., 125 S. W. (2d) 899, opinion by SUTTON, C. The defendant-respondent there is relator here. The plaintiff-appellant sustained injuries in an automobile collision with one of relator's trailer-trucks, near Stanton in Franklin County. She sued in the circuit court of the city of St. Louis for damages grounded on relator's negligence and the jury returned a verdict for relator. The respondents reversed and remanded that judgment for error in an Instruction No. 7 given by the trial court at relator's request. Relator assigns conflict in this ruling with three decisions of this court, all from Division One: Wolfson v. Cohen (Mo. Div. 1), 55 S. W. (2d) 677; Koebel v. Tieman Coal & Material Co., 337 Mo. 561, 85 S. W. (2d) 561; Clark v. Reising, 341 Mo. 282, 107 S. W. (2d) 33. The instruction was as follows:

"The court instructs you that it is your duty in considering the evidence, deliberating upon and determining the facts in this case, to first decide upon the question of whether, under all the facts and circumstances there is or is not any *negligence upon the part of defendant as defined to you by other instructions*. Until *this question of negligence* has been determined by you, you have no right to take into consideration the nature, character or extent of the alleged injuries to plaintiff, except as an aid to you in determining whether or not defendant was negligent, or the amount, if any, that the plaintiff is entitled to recover because of such injuries. [If the plaintiff is not entitled to recover, that is, if it is not shown to your reasonable satisfaction, by the greater weight of the credible testimony *upon the question of negligence* that she *should recover* at your hands, then you should not and must not in your deliberations at all consider to what extent, if any, she has been injured.]

"Neither passion, prejudice nor sympathy should influence you in any manner in deciding the case; for it is your sworn duty to try this case and decide it according to the evidence and the instructions." (Brackets ours.)

Substantially the same instruction was given in the Wolfson and Koebel cases and a shorter instruction expressing the same thought in the Clark case. In all three decisions it passed muster. Later we shall refer to the circumstances in which these rulings were made. Respondents' opinion condemned the instant Instruction No. 7 on several grounds. First, while conceding a similar instruction was "tolerated" in the Wolfson case, they distinguished that decision on its facts and because the sole issue there was under the humanitarian doctrine, whereas—they said—there was an issue in the instant case as to plaintiff's contributory negligence. They held the instruction was bad because the part thereof which we have enclosed in brackets cast the burden on the plaintiff to disprove her contributory negligence.

Respondents' theory that the affirmative defense of contributory negligence was tendered below is founded on the fact that one of *plaintiff's* instructions directed a verdict for her if the jury found the relator guilty of specified primary negligence and "that plaintiff was not negligent on the occasion mentioned in evidence." They held that by this quoted clause the plaintiff, herself, injected the issue into the trial. Such was the holding on a similar plaintiff's instruction in Brewer v. Silverstein (Mo. Div. 2), 64 S. W. (2d) 289, 291-2. So respondents' opinion conforms to the decisions of this court that far. The Brewer case further ruled that since the plaintiff's instruction was silent on the burden of proof (as is true of plaintiff's instruction in this case) the plaintiff did not assume it, and therefore error in the defendant's instructions in imposing that burden on plaintiff as to contributory negligence, was not invited or cured. The question before us now is whether respondents contravened our decisions in holding relator's Instruction No. 7 was afflicted with the same vice.

In deciding that question we cannot construe the instruction independently, as we might do if the case were here on appeal; but are bound by respondents' interpretation even though we think it is wrong, if the language of the instruction is open to construction and a similar instruction has never been construed otherwise by this court. However, if the instruction is susceptible of only one meaning under rules of construction announced by our decisions, and respondents have given it another meaning, we can intervene. [State ex rel. Clark v. Shain, 343 Mo. 66, 73 (4), 119 S. W. (2d) 971, 974; State ex rel. Wors v. Hostetter, 343 Mo. 945, 959, 124 S. W. (2d) 1072, 1078.] The applicable rule is that if any instruction materially affecting the merits, such as one on the burden of proof, is merely ambiguous, and

the ambiguity is dispelled by other instructions, it is not fatally defective. But if it *conflicts* with other instructions on the point it is bad. All the instructions must be read together. [State ex rel. St. Joseph Belt Ry. Co. v. Shain, 341 Mo. 733, 740, 108 S. W. (2d) 351, 355.]

Referring back to said Instruction No. 7, it will be noticed the first paragraph thereof mentions negligence three times. These parts we have italicized, and sometimes will do so when referring to them hereafter. The first time, the jury were told they should determine preliminarily whether under all the facts and circumstances there was or was not *"any negligence upon the part of defendant as defined to you by other instructions."* The next sentence said that until *"this question of negligence"* had been determined they had no right to consider plaintiff's injuries except for certain specified purposes. Respondents' opinion expressly recognized that these parts of the instruction referred only to relator's negligence and not to plaintiff's contributory negligence. Then came, in the same paragraph, the direction we have bracketed, that if it had not been shown by the greater weight of the testimony upon *"the question of negligence"* that plaintiff *"should recover,"* the jury must not consider the extent of her injuries. Respondents held this did refer to and include plaintiff's contributory negligence as well as relator's negligence, or at least that a jury would think so.

Relator did not submit any additional instruction hypothesizing facts which would convict plaintiff of contributory negligence and defeat her case—in other words, any instruction plainly tendering that defense. On the other hand it did submit an Instruction No. 6 (125 S. W. (2d) l. c. 902) on the burden of proof, which required the jury to find from the greater weight of the testimony that "the defendant on the occasion in question was guilty of negligence as submitted to you in the Court's instructions," and further told them unless they found from a preponderance of the testimony that "the defendant was guilty of negligence as defined and submitted to you in the instructions of the court," their verdict should be for relator-defendant. Respondents' opinion held this Instruction No. 6 "clearly" was not amenable to the complaint that it imposed the burden of proof on plaintiff as to her contributory negligence. This was obviously true, both because the instruction was expressly limited to *relator's* negligence, and also because by necessary inference and converse effect it authorized a verdict for plaintiff upon a finding of relator's negligence alone—that is to say, without requiring a further finding that plaintiff was *not* negligent.

Reviewing and comparing the three instructions, it will be observed that one of *plaintiff's* instructions authorized a verdict for her on certain findings including the fact that she "was not negligent on the occasion mentioned in evidence," thereby letting in the issue of

contributory negligence. But relator's Instruction No. 6 on the burden of proof permitted a verdict for plaintiff on relator's sole negligence—this by telling the jury their verdict must be for relator, *unless* they found from a preponderance of the testimony that relator was guilty of negligence proximately causing plaintiff's injuries. And the bracketed part of relator's Instruction No. 7 by necessary implication declared the plaintiff was not entitled to recover unless it appeared from the greater weight of the testimony *upon the question of negligence* that she should recover. This imposed on plaintiff the burden of proof as to that "question of negligence," whatever it was. Respondents held the quoted words, in connection with plaintiff's instruction, covered both relator's primary negligence and plaintiff's contributory negligence. But the same words read in connection with relator's Instruction No. 6 alone, referred only to relator's primary negligence.

In view of the two other instructions, we do not feel we can say conclusively that the bracketed part of Instruction No. 7 was susceptible of only one meaning. Undoubtedly respondents had the right to construe the three instructions together, and to hold, as they did, that Instruction No. 7 covered contributory negligence. If this was correct, they might have further said the instruction conflicted with Instruction No. 6. We have not been cited to any decision by this court where a similar set of instructions was construed. As stated by respondents, there was no issue of contributory negligence in the Wolfson case. Neither was there in the Koebel case or the Clark case.

On motion for rehearing respondents further declared Instruction No. 7 erroneous for another reason having to do with the qualifying phrase just preceding the bracketed part: "except as an aid to you in determining whether or not defendant was negligent, . . ." This was on the following theory. An instruction like the one under consideration, except for the omission of the phrase quoted, was denounced in Stolovey v. Fleming, 328 Mo. 623, 626, 8 S. W. (2d) 832, 833, because the nature and extent of a plaintiff's injuries in many circumstances do have an evidential bearing on whether the defendant was negligent. Thereafter, the qualifying expression was inserted in such instructions by trial lawyers to meet that objection, and appeared in relator's Instruction No. 7. Respondent's opinion held that since there was an issue in the case below respecting plaintiff's contributory negligence, the qualifying phrase should have been worded to include that negligence, especially in view of the fact that there was conflicting evidence as to how she got hurt. We have never passed on that question so far as the writer is aware. At least we are not cited to any conflicting decision here.

The bracketed part of Instruction No. 7 was condemned in the Koebel case, supra, 337 Mo. l. c. 573, 85 S. W. (2d) l. c. 526, for

still another reason, not mentioned by respondents. The qualifying phrase mentioned in the last paragraph is annexed to the cautionary direction at the beginning of the instruction, where the jury are told that until they have determined whether defendant was negligent, they have no right to consider the nature and extent of plaintiff's injuries "except as an aid to you in determining whether or not defendant was negligent, . . ." Then comes the bracketed part of the instruction stating that if it has not been shown by the greater weight of the testimony on the question of negligence that plaintiff should recover, the jury should not consider the extent of plaintiff's injuries. The qualifying phrase is not repeated in this part of the instruction. The Koebel case says that because of its omission the jury might infer they could not consider the extent of plaintiff's injuries (even though it had a bearing on the question of negligence) in determining whether the testimony showed plaintiff should recover—in other words, the same error condemned in the Stolovey case supra. The Koebel case held the error was harmless there because the nature of plaintiff's injuries threw no light on the question of defendant's negligence, but respondents declared the situation is different in this case.

Respondents further condemn Instruction No. 7 because it is too much in the nature of a lecture, and because it tells the jury in what order they must consider the evidence bearing on the various issues of fact. In doing so, they followed Ryan v. Burrow, 326 Mo. 896, 900, 33 S. W. (2d) 928, 929(4). The Wolfson case, supra, 55 S. W. (2d) l. c. 681, relied on by relator, cites and quotes from the Ryan case on the latter point, but does not rule either question in favor of the instruction so far as we can see. The appellant there did not raise either point. What the Wolfson case really holds appears to be this: that while the instruction was subject to criticism on certain grounds not assigned by the appellant, still it was a cautionary instruction as to the giving of which the trial court had a discretion; and since the trial court had overruled appellant's motion for new trial; and there was no error on the grounds the appellant did assign; and no dispute about how the plaintiff was injured; for these reasons the judgment against plaintiff would be affirmed.

But the Wolfson case did say criticisms of the instructions in that record might properly have been made because there was too much repetition of the matters they attempted to cover, unnecessarily emphasizing the burden of proof and the element of sympathy, and minimizing the importance of plaintiff's injuries. Respondents similarly charge there was too much repetition in relator's instructions in this record, whereby the burden of proof resting on plaintiff was unduly stressed, and her injuries were minimized. Instruction No. 7 is the same in both records; the other instructions are not. But certainly there is no basis for a charge that respondents contravened

922

the Wolfson case on these matters. Without further discussion, we conclude our writ of certiorari was improvidently issued and should be quashed. It is so ordered. All concur.