BIRTTIE MENDENHALL v. C. A. NEYER and J. J. GRIESEMER, Copartners, doing business as NEYER CONSTRUCTION COMPANY, and VIRGIL LAWRENCE, Appellants.—149 S. W. (2d) 366.

Division Two, April 3, 1941.

*G. A. Hodgman, Richard K. McPherson* and *A. P. Stone, Jr.,* for appellants.

*Homer A. Cope, Cope & Hadsell, McPherson & Stemmons* and *Walter A. Raymond* for respondent.

BOHLING, C.—C. A. Neyer and J. J. Griesemer, copartners, doing business as Neyer Construction Company, and Virgil Lawrence, defendants below, appeal from an order sustaining Birttie Mendenhall's, plaintiff below, motion for new trial. The court granted the new trial on the ground error had been committed in giving instructions Nos. 8, 10 and 12 on behalf of said appellants. Respondent seeks $10,000 for the alleged wrongful death of Amos Mendenhall, her husband.

Mr. and Mrs. Mendenhall and five children, including Oscar, a minor of eighteen, and Irva, an adult, lived on a farm near Cedar Grove, Missouri. Oscar had been having "some kind of fits," was not in good health, and, on the day of the accident, viz., October 12, 1936, Mr. Mendenhall went to Houston, Missouri, taking Oscar and Irva with him, to see some of the county officials about securing medical treatment for Oscar. They traveled in Mr. Mendenhall's old

Chevrolet truck. On the return trip, Irva was driving; Oscar was on the seat with him; and Mr. Mendenhall rode in the rear of the truck with his back towards the back of the seat. They proceeded east along a gravel road to its intersection with highway No. 63, and intended to turn north thereon. Appellant Lawrence, an employee of appellants Neyer and Griesemer and engaged in the performance of his duties as such employee, was operating a six-ton International truck loaded with a road grader, weighing about six tons, south on highway No. 63. A "stop" sign, facing west, was located at the southwest corner of the intersection, approximately twelve or fifteen feet west of the pavement on highway No. 63. The two trucks collided on the intersection, about the center thereof. Oscar Mendenhall, the sole survivor of the persons in the Mendenhall truck, testified that his brother Irva stopped the Chevrolet truck opposite the "stop" sign. Lawrence testified that his view of the Chevrolet truck as it approached the intersection was obstructed; that it did not stop from the time he saw it, but moved slowly, three to five miles an hour; that he took his foot off the accelerator but did not apply the brakes, thinking the Chevrolet was going to stop; that, when he saw the operator of the Chevrolet rear back in his seat and look towards him, he was then about thirty-five feet away and then first thought something might be wrong and the Chevrolet was not going to stop; that he then applied his brakes and pulled to the east and the cars met near the center of the intersection. Two other eyewitnesses testified that the Chevrolet truck did not stop at the stop sign. If other facts are essential to a determination of the issues, they will be developed in the course of the opinion.

Respondent's main instruction submitted her case on grounds of primary negligence in the conjunctive in that appellant Lawrence was operating the International truck at excessive speed, failed to keep a lookout and operated the truck on his left hand side of the highway.

Instruction No. 8, given on behalf of appellants and vigorously attacked by respondent, read:

"The Court instructs the jury, that in deliberating upon this case, it is your duty to decide first whether or not under all of the facts and circumstances in evidence there is or is not any negligence upon the part of defendants, as submitted and defined by other instructions. Until this question of negligence has been determined by you, you have no right to consider the amount, if any, that plaintiff is entitled to recover.

"If the plaintiff is not entitled to recover, that is, if plaintiff has not shown to your reasonable satisfaction by the preponderance or greater weight of the credible evidence upon the question of negligence that she should recover at your hands, then in your deliberations you should

not and must not consider to what extent, if any, plaintiff has been damaged by reason of the death of her husband.

"Neither passion, prejudice nor sympathy should influence you in any manner in deciding· this case, for it is your sworn duty to try this case and to decide it according to the evidence and the instructions of the Court."

Respondent says the instruction was erroneous because it directed the order in which the jury should consider the evidence; constituted a lecture to the jury on their duty to defendant; placed the burden of disproving issues respecting contributory negligence and sole negligence on respondent, and, considered in connection with instruction No. 7, unnecessarily repeated that the burden of proof was on respondent.

Somewhat similar instructions are set out in Unterlachner v. Wells (Mo. Div. I), 278 S. W. 79, 82, 83[6], and Ryan v. Burrow (Div. II), 326 Mo. 896, 898, 33 S. W. (2d) 928[1]. Each of said cases was an action for personal injuries suffered by the plaintiff. The instructions in the Unterlachner and Ryan cases, as did the instant instruction, informed the jury that they should first determine whether defendant was liable but thereafter, differing materially from the instant instruction, provided (quoting from the instruction in the Ryan case): "Until this question of liability has been determined by you, you have no right to take into consideration the nature, character or extent of the alleged injuries to the plaintiff, of [or] the amount, if any, that the plaintiff is entitled to recover by reason of such injuries, if any. If the plaintiff is not entitled to recover, . . . then you should not and must not in your deliberation, consider to what extent, if any, he has been injured. You should not be influenced, by the nature and extent of plaintiff's injuries in deciding whether or not defendants are liable for said injuries as explained to you in these instructions."

We think it evident from a study of the Ryan case (and the cases there cited) that the determinative factor of the ruling was that, under the record in that case, we were "not prepared to say that the nature, character, and extent of plaintiff's injuries were not circumstances which might be considered by the jury along with all other facts and circumstances in determining the issue of negligence." The Ryan case explicitly stated like reasoning under the facts in Stolovey v. Fleming (Div. I), 320 Mo. 946, 8 S. W. (2d) 832, 833[4, 5], applied, and was sufficient to condemn the instruction.

Birttie Mendenhall seeks damages measured by the pecuniary loss occasioned her by Amos Mendenhall's death, which differs materially from the measure of damages in a personal injury action. Other than the undisputed fact of death, the record is silent as to the injuries received by Amos Mendenhall. Furthermore, the instant instruction, had there been testimony of record with respect to said injuries, did

not preclude the jury from considering such testimony in determining the issue of appellants' negligence, but the questioned portions thereof now under consideration were directed against a consideration of the amount of a plaintiff's verdict until the factual issue of appellants' negligence was determined.

Of a like instruction, the Unterlachner case, without discussion, states: "The fifth instruction is too much in the nature of a lecture to the jury as to duty to defendant, and not their duty upon the whole case." Thereafter, the same Division of this court in the Stolovey case, speaking to the quoted comment in the Unterlachner case, said of a similar instruction: "It is to some extent subject to this criticism, although in the case cited [the Unterlachner case] this fault alone was not held to be reversible error." But, the Stolovey opinion, after holding the instruction reversible error upon the ground hereinbefore indicated, closed the discussion with ". . . we are not impressed with the soundness of other reasons urged against it."

The Ryan case contains an additional observation that the jury should not be hampered "by directions from the court telling them in what order they must consider the evidence and determine questions of fact submitted to them;" and concludes that the court "should not, ordinarily at least, attempt to direct the jurors how or in what sequence to proceed in their deliberations in the jury room in performing their function, but should leave them free to consider all the evidence in such way as to them seems best calculated to arrive at the truth." Where the effect of an instruction directing the order in which the issues of liability and amount of damages should be determined is to withdraw material evidence upon the issue of negligence from the jury's consideration, as in the Ryan case, the observations are applicable. This was not the effect of the instant instruction. We have said in cases where the verdict was for the defendant that error in instructing on the measure of damages was harmless for the reason the jury never got far enough to consider the question of damages. [Schaefer v. St. Louis & S. Ry. Co., 128 Mo. 64, 74, 30 S. W. 331, 333; Feary v. Metropolitan St. Ry. Co., 162 Mo. 75, 98, 62 S. W. 452, 458; Oliver v. Morgan (Mo.), 73 S. W. (2d) 993, 996[8]; Williams v. Hyman-Michaels Co. (Mo. App.), 277 S. W. 593, 595[4].] The verdict of nonliability discloses the jury never had occasion to consider the "amount" of any damages. The common sense and orderly procedure for determining the issues of liability and the amount of the damages in an action for damages is to determine, first, the issue of liability, and if liability exists, next, the amount of damages. Respondent's instruction on the measure of damages recognizes this to be correct as it is conditioned upon a finding by the jury "in favor of the plaintiff;" i. e., that under the law and the evidence appellant was liable—was negligent. If correct law, it should not be inherently erroneous to so caution the jury

in proper instances. Oscar Mendenhall gave conflicting testimony. He was contradicted by the other eyewitnesses to the accident. The record justified proper cautionary instructions. If the jury had no occasion to deliberate upon the amount of the award, respondent was not prejudiced by the instruction.

The giving of instructions of the nature under consideration rests largely in the discretion of the trial court. They have been upheld with the admonition they should be used with caution. [Clark v. Reising, 341 Mo. 282, 288[7], 107 S. W. (2d) 33, 36[10, 11]; Koebel v. Tieman Coal & Material Co., 337 Mo. 561, 572[5], 85 S. W. (2d) 519, 525[6]. Consult Wolfson v. Cohen (Mo.), 55 S. W. (2d) 677, 680[9-12].]

Respondent argues that the parenthetical statement in the second paragraph of the instruction—"that is, if plaintiff has not shown to your reasonable satisfaction by the preponderance or greater weight of the credible evidence upon the question of negligence that she should recover at your hands"—placed the burden of proof with respect to any issue of contributory negligence of Amos Mendenhall and sole negligence of Irva Mendenhall upon respondent. Respondent stresses the cases of Eisenbarth v. Powell Bros. Truck Lines, Inc. (Mo. App.), 125 S. W. (2d) 899, 902[4]; and State ex rel. Powell Bros. Truck Lines, Inc., v. Hostetter, 345 Mo. 915, 137 S. W. (2d) 461, quashing certiorari to review the Eisenbarth opinion. We pointed out in quashing our writ, speaking through ELLISON, P. J., that, in certiorari proceedings, we could and do "not construe the instruction independently, as we might do if the case were here on appeal; but are bound by respondents' interpretation even though we think it is wrong, if the language of the instruction is open to construction and a similar instruction has never been construed otherwise by this court." [137 S. W. (2d) l. c. 463:] Also (Ibid. l. c. 464): "We have not been cited to any decision by this court where a similar set of instructions was construed." Appellants concede the construction placed upon the instruction in the Eisenbarth case conflicts with the construction they contend for. After careful consideration, we are of opinion the Eisenbarth case should not be followed. The Court of Appeals cites Szuch v. Ni Sun Lines, Inc., 332 Mo. 469, 475(4), 58 S. W. (2d) 471, 473[5]; Bennett v. National Union Fire Ins. Co., 230 Mo. App. 939, 950, 80 S. W. (2d) 914, 919[6] and Manar v. Taetz (Mo. App.), 109 S. W. (2d) 721, on the issue. The Szuch case considered a jury might conclude that the burden of disproving contributory negligence was upon the plaintiff under an instruction to the effect "that the burden of proof was 'on the plaintiff to establish . . . the facts necessary to a verdict in his favor *under these instructions*'" (italics ours), where plaintiff's main instruction conditioned a verdict for plaintiff upon plaintiff's automobile being operated "without any negligence on his part." The Bennett case

discussed an instruction to like effect. The italicized words distinguish said instructions from the instant instruction. [See also Brewer v. Silverstein (Mo.), 64 S. W. (2d) 289, 291[8].] The ruling in the Manar case falls under the observations found in the Szuch and Brewer cases, which are there cited.

In the Eisenbarth case (125 S. W. (2d) l. c. 902), the Court of Appeals stated ". . . the jury had before it also plaintiff's instruction dealing with the negligence of the plaintiff as well as with the negligence of the defendant" and held, with respect to the issue under consideration, the quoted clause made the instruction erroneous because it put upon plaintiff "the burden of proof with respect to her own negligence, as well as with respect to defendant's negligence;" reasoning: "Reading the two instructions together, we do not think it may be said that the jury understood that the third clause of defendant's instruction, which is a separate and independent clause, referred to the negligence of defendant rather than to the negligence of both plaintiff and defendant." This ruling of the Court of Appeals was had, we think, without giving due consideration to the precise wording of the clause as well as the wording of the entire instruction in which it was embodied; that is, the ruling pivots on the phrase "upon the question of negligence" without giving due consideration to the setting of that phrase in the clause and the instruction.

An instruction containing the clause "on the contrary, the law casts the burden of proof with respect to it [the charge of negligence] upon plaintiff" was held not to place the burden of disproving contributory negligence upon plaintiff in Linders v. People's Motorbus Co., 326 Mo. 695, 699, 32 S. W. (2d) 580, 581[1], stating: ". . . the instruction deals only with plaintiff's right of recovery, without reference to the issue of contributory negligence." Bleil v. Kansas City (Mo.), 70 S. W. (2d) 913, 914[2] (ruled by the Judges ruling the Szuch case), approved an instruction advising the jury "that 'the burden of proof is upon *plaintiff to prove his* case . . .'" and "if you believe . . . that the evidence is evenly balanced . . . your verdict must be for the defendant . . .;" (italics ours); and reasoned that an intelligent jury would understand "plaintiff's case did not include defendant's defense" of contributory negligence, and that the matter was one of nondirection rather than misdirection. So too in the instant case, the subject matters of the instruction were defendants' negligence and the amount, if any, of recovery. We are concerned with the latter only in so far as it may throw light on the former. We think a jury, after reading the first paragraph of the instruction and finding that defendants' negligence is there twice specifically referred to in connection with the amount, if any, plaintiff might recover, upon reading the second paragraph and finding the term negligence used in the same connection, would be forced to

logically conclude defendants' negligence was referred to, the same as in the first paragraph of the instruction. Furthermore, in the quoted clause the phrase "upon the question of negligence" is immediately followed by "that she should recover at your hands." It is not reasonable for a jury of ordinary intelligence to conclude that a plaintiff is entitled to recover on account of plaintiff's contributory negligence or the negligence of a deceased spouse or some stranger to the litigation; whereas it is reasonable for such a jury to conclude that if a plaintiff is entitled to recover it must be by reason of the negligence of defendants or one or more of the defendants. The phrase "upon the question of negligence" should not be separated from the other phrases, clauses, sentences and paragraphs of the instruction in which it is found and construed solely in the light of a separate and an independent instruction. We think the instruction could, and should, be more aptly worded, but it is not erroneous.

Instruction No. 7 advised the jury that the burden of proof with respect to appellants' negligence was on respondent and respondent says the statement last quoted from instruction No. 8 was repetitious and reversibly erroneous. The order granting a new trial did not mention instruction No. 7 and did not assign respondent's contention as a ground for new trial.

While repetition in instructions is subject to criticism for unduly emphasizing a given issue (Miller v. Williams (Mo.), 76 S. W. (2d) 355, 357[7]; Arnold v. Alton Rd. Co., 343 Mo. 1049, 1056[5], 124 S. W. (2d) 1092, 1095[7, 8]), it ordinarily is not considered a ground for reversal (Huss v. Heydt Bakery Co., 210 Mo. 44, 55, 108 S. W. 63, 67; Williams v. Guyot, 344 Mo. 372, 385, 126 S. W. (2d) 1137, 1143; Wolfson v. Cohen (Mo.), 55 S. W. (2d) 677, 681[14]; Rath v. Knight (Mo.), 55 S. W. (2d) 682, 684[6]; Wells v. City of Jefferson, 345 Mo. 239, 123 S. W. (2d) 1006, 1009[9]; Hulsey v. Tower Grove Q. & C. Co., 326 Mo. 194, 215, 30 S. W. (2d) 1018, 1028[5]. The point is ruled in favor of appellants.

 Respondent says that her case rested in part upon circumstantial evidence and that instruction No. 10 was erroneous in that it withdrew such evidence from the jury. The instruction read:

"The Court instructs the jury that in your deliberation you should be governed solely by the evidence introduced and admitted before you.

"You have no right to indulge in guess work, conjecture, surmise or speculation, but you must confine yourselves to the facts detailed in evidence, and to the inferences to be drawn directly therefrom."

The instruction did not expressly withdraw any evidence from the jury. Respondent's contention ignores the clause "and to the inferences to be drawn directly therefrom," which explicitly recognized the right of the jury to consider circumstantial evidence in arriving at their verdict. Consult the instructions sustained in Gardner v.

Turk, 343 Mo. 899, 908, 123 S. W. (2d) 158, 162[4]; Williams v. Guyot, 344 Mo. 373, 382, 126 S. W. (2d) 1137, 1141[4]; Denkman v. Prudential Fixture Co. (Mo.), 289 S. W. 591, 595[10]; Griffith v. Continental Casualty Co. (Banc), 299 Mo. 426, 445, 253 S. W. 1043, 1048[12]. Appropriate instructions of the nature under consideration go primarily to the proper scope or ambit of legitimate deliberations upon the evidence and do not encroach upon the lawful prerogative of the jury to weigh the evidence. Verdicts should not be reached by building inference upon inference. The instant issue differs materially from that presented in Reynolds v. Maryland Casualty Co. (Banc), 274 Mo. 83, 102(III), 201 S. W. 1128, 1133[6], and Lampe v. Franklin American Trust Co., 339 Mo. 361, 379, 96 S. W. (2d) 710, 719[11].

Respondent attacks instructions Nos. 12, 13 and 14. Developing the issues with respect to instruction No. 12 only, she asks us to consider like attacks against instructions Nos. 13 and 14. The submission is on the theory that as instruction No. 12 is ruled, instructions Nos. 13 and 14 are to be ruled. Instruction No. 12, after stating the law requires the operator of a motor vehicle to exercise the highest degree of care, read:

"If, therefore, you find and believe from the evidence that Irva Mendenhall, the driver of the Chevrolet automobile in which Amos Mendenhall was then riding, failed to bring said Chevrolet automobile to a stop before entering United States Highway No. 63 and the intersection mentioned in evidence; that, by so failing to bring said Chevrolet automobile to a stop, if you find that he did so fail, said Irva Mendenhall did not exercise the highest degree of care in the operation of said Chevrolet automobile, if you so find; that the collision mentioned in evidence was caused solely by such failure, if so, on the part of said Irva Mendenhall to bring his said Chevrolet automobile to a stop before entering said Highway No. 63 at said intersection; and, that defendants were not negligent in any particular submitted and defined in the Court's instructions, if you so find, then and in that event you are instructed that your verdict must be against the plaintiff, Birttie Mendenhall, and in favor of the defendants."

Respondent says the instruction assumed that Irva Mendenhall, the operator of the Mendenhall automobile, and Amos Mendenhall, the deceased, were on a joint enterprise, and that the instruction imputed the negligence of Irva Mendenhall as a matter of law to Amos Mendenhall. The instruction does not do this in express words. We think respondent has misconceived the purpose and misconstrued the language of the instruction. It is a sole cause instruction. Respondent cites Peppers v. St. Louis-S. F. Ry. Co., 316 Mo. 1104, 1113(IV), 295 S. W. 757, 761[8]; McGrath v. Meyers, 341 Mo. 412, 417[2], 107 S. W. (2d) 792, 794[4-7]; Dilallo v. Lynch, 340 Mo.

82, 89[3, 4], 101 S. W. (2d) 7, 11[7, 8]; Thompson v. St. Louis-S. F. Ry. Co., 334 Mo. 958, 975, 69 S. W. (2d) 936, 946; Boland v. St. Louis-S. F. Ry. Co. (Mo.), 284 S. W. 141, 145[11]; Smith v. St. Louis-S. F. Ry. Co., 321 Mo. 105, 121(II), 9 S. W. (2d) 939, 945[3]; Decker v. Liberty (Mo.), 39 S. W. (2d) 546, 548[2]; Crowley v. Worthington (Mo.), 71 S. W. (2d) 744; Brown v. Alton Rd. Co. (Mo. App.), 132 S. W. (2d) 713, 730[38].

This court en banc in Borgstede v. Waldbauer (Nov. 20, 1935), 337 Mo. 1205, 1215-7, 88 S. W. (2d) 373, 377[12, 13, 15], 378, in upholding the right of a defendant to a properly worded instruction hypothesizing facts, in law, negativing defendant's negligence under the humanitarian rule and establishing plaintiff's act as the cause of the injury reasoned: "As a rule a plaintiff's instruction, authorizing a verdict, sets forth the facts in evidence relied on for a recovery. . . . By every rule of justice a defendant should be accorded the same right and have his theory submitted to the jury in the same manner. . . . A defendant is not obliged to include in his instruction facts relied on by the plaintiff for a recovery."

Doherty v. St. Louis Butter Co., 339 Mo. 996, 1005[4], 98 S. W. (2d) 742, 745[4-6], upheld a sole cause instruction, again reasoning that a defendant is not restricted to the negative of the factual issues presented by a plaintiff but may show affirmative facts placing the entire blame on plaintiff and submit such factual issues in an appropriate instruction, stating: ". . . otherwise the law suit would be similar to compelling a man [defendant] to enter a boxing contest and by the rules restrict him to dodging the other fellow's blows."

The thought occurs that an attorney is under no obligation to insert directions on some additional issue looking to a verdict for his adversary or the defeat of a verdict for his client in a verdict directing factual instruction wherein all facts essential to his client's recovery or defense at law are fully and properly submitted in language not misleading.

Respondent's case was submitted on grounds of primary negligence only. Instruction No. 12 required the finding of a hypothesized act, that said act constituted negligence, that said negligence was the sole cause of respondent's alleged cause of action, *and* "that defendants were not negligent in any particular submitted and defined in the court's instructions, if you so find." The instruction was in the conjunctive throughout, and the jury thus were required to find that appellants were not negligent—were not liable. Cases holding it harmless error for a plaintiff to submit in the conjunctive several specifications of negligence authorizing at law a recovery where plaintiff has made a submissible case on some but not all of said specifications are analogous. See as to a plaintiff's instruction: Wolfe v. Payne (Banc), 294 Mo 170, 186(IV), 241 S. W. 915, 919[6]; Westenhaver v. St. Louis-S. F. Ry. Co., 340 Mo. 511, 518[2], 102 S. W. (2d) 661, 665[3-5] and cases cited. If the hypothesized act of Irva

Mendenhall constituted negligence and was the sole, the one and only, negligent cause of the death and, in addition, appellants were not negligent in any particular submitted, appellants' acts did not authorize a recovery. The quoted clause of the instruction distinguishes it from the instructions set out in the Peppers, McGrath, Dilallo, Boland, Decker, Crowley and, apparently, the Brown cases, supra.

The Peppers case cites the Boland case, supra, and Fisher v. Pullman Co., 212 Mo. App. 280, 287(II), 254 S. W. 114, 116[4-6], as authority. The instruction in the Boland case stated an abstract proposition of law, submitted no facts upon which to predicate sole negligence and gave the jury a roving commission. The instructions discussed in the Fisher case were not sole cause instructions. The Peppers case states, the instruction, which submitted facts, was "technically correct, as far as it goes, but it is misleading;" and held the instruction erroneous because it failed to inform the jury that certain negligence (negligence of the driver of the automobile in which deceased was riding) could not be imputed to the deceased, where the evidence tended to show more than the driver's negligence as the "sole cause." If this case holds in effect that technically correct law is misleading, the writer is unable to subscribe thereto. Instructions are to be considered in the light of the law governing instructions. If the hypothesized acts of the driver were the sole negligent acts giving rise to the cause of action and constituted at law a complete defense to plaintiff's cause of action, what difference could it make in law whether said driver's negligence was or was not imputed to the deceased? If not imputed, under the findings required by the instruction, would not the hypothesized facts constitute the one and only actionable negligence in the case? We think so but do not pursue the inquiry because the additional finding required by the instant instruction acquitted appellants of actionable negligence.

In the Decker case (which follows the Peppers case and cites the Smith and Boland cases) and the Crowley case (bottomed on the Decker case) the grounds relied on for recovery are not fully developed and the hypothesized facts in the questioned instructions were insufficient in law to necessarily constitute a defense to a humanitarian case, if made by plaintiff. The questioned instructions are not set out in the Brown case, which follows the Decker and Peppers cases in its reasoning.

Instruction "O" of the Smith case appears to be conflicting within itself. Its introductory paragraph told the jury that even though defendant committed acts of negligence set out in other instructions, nevertheless if certain other facts existed, including the fact "that the collision was wholly caused by the negligence and carelessness of the driver of the automobile" in which plaintiff was riding (a somewhat roving commission to the jury), the verdict should be for defendant. If defendant was negligent, then the automobile operator's acts could not constitute the sole negligent cause; and to defeat

plaintiff's case under primary negligence the automobile operator's acts had to be imputed to plaintiff. The clause "and defendant was not negligent in running and operating the train" was in conflict with the introductory part of the instruction.

The discussion in the Thompson case is devoted to whether the negligence of the operator of an automobile was to be imputed to a guest and not to a sole cause instruction.

In the McGrath and Dilallo cases, each plaintiff submitted an instruction authorizing a recovery under the humanitarian rule and the questioned instructions, directing a verdict for defendant on the entire case, did not hypothesize facts defeating plaintiff's humanitarian case.

Whether our comments with respect to the reasoning of the Peppers case and cases following it, as well as cases making like observations arguendo, be correct or not, appellants' instruction No. 12 is of the same legal effect as the approved instruction in Doherty v. St. Louis Butter Co., 339 Mo. 996, 1005[4], 98 S. W. (2d) 742, 745[5]. Consult the observations in State ex rel. v. Shain (Banc), 345 Mo. 950, 137 S. W. (2d) 527, 531[8, 9]. The point is ruled for appellants.

Instructions Nos. 16, 17, 18 and 19 submit factual issues involving a joint enterprise on the part of Irva Mendenhall and Amos Mendenhall. Respondent says there was no substantial evidence on which to submit such an issue. The testimony, which we do not repeat, certainly permitted of a finding (we think established) that Amos Mendenhall made the trip in an automobile owned by him to discharge his parental obligation of securing medical aid for his minor son Oscar.

In Smith v. Wells, 326 Mo. 525, 547, 31 S. W. (2d) 1014, 1024, the facts were "that plaintiff was the owner of the Ford automobile which plaintiff's wife was driving . . . at the time of the collision between the automobile and defendant's street car;" "that plaintiff and his wife were returning to their home after a visit with plaintiff's mother-in-law;" and that "plaintiff and his wife were seated in the front seat of the automobile." The court held: ". . . it is likewise the preponderance of juristic authority that the negligence of the driver of an automobile is imputable and attributable to the owner of the automobile, especially where, as in the instant case, the owner is personally present in the automobile, and where the owner and the driver of the automobile are engaged in a joint journey or enterprise, either of business or pleasure." (Citing cases.) [See also Tannehill v. Kansas City C. & S. Ry. Co., 279 Mo. 158, 163, 171, 213 S. W. 818, 819, 822; Hill v. St. Louis Public Service Co. (Mo.), 64 S. W. (2d) 633, 635; Roland v. Anderson (Mo. App.), 282 S. W. 752, 753, 754[5]; Counts v. Thomas (Mo. App.), 63 S. W. (2d) 416, 419, 420[10].] Under the foregoing authorities, a submissible issue of joint enterprise on the part of Amos Mendenhall and Irva Mendenhall was made.

894

Respondent also seeks to sustain the new trial on the ground a certain amount of discretion in granting new trials is vested in trial courts, citing Strother v. Sieben, 220 Mo. App. 1027, 1034, 282 S. W. 502, 506[4]; Wells v. City of Jefferson, 345 Mo. 239, 245[6], 132 S. W. (2d) 1006, 1009[8]; Clark v. Atchison & Eastern Bridge Co., 324 Mo. 544, 564, 24 S. W. (2d) 143, 153[14]; Conroy v. St. Joseph Ry., Lt., H. & P. Co., 345 Mo. 592, 597, 134 S. W. (2d) 93, 96; Arnold v. Alton Rd. Co., 343 Mo. 1049, 1055[3, 5], 124 S. W. (2d) 1092, 1095[4, 7]. Appellants, not questioning the rule of law involved, say the trial court exercised no discretionary function. Respondent does not contend the order indicated the exercise of a discretionary power but argues: ''The court was justified in believing that instructions 8, 10 and 12 were misleading when considered with the great mass of other instructions, many of which were directed to the same issues.'' The order, omitting preliminary recitals, read: ''. . . the court doth sustain plaintiff's motion for new trial on the ground that the court erred in giving defendants' instructions 8, 10 and 12 . . .'' This order may comply with the letter but we think the spirit of Sec. 1169, R. S. 1939, Mo. Stat. Ann., sec. 1003, p. 1269, and the better practice for facilitating the administration of justice in review proceedings calls for a more detailed specification of the ground or grounds for new trial, especially under the instant record to disclose the exercise of a discretionary function. Respondent's argument may not be sustained because it proceeds on a premise not disclosed by the order, no instruction other than instructions 8, 10 and 12 being mentioned therein. This should suffice, it being the sole presentation of the issue here. The order does not disclose the court found as a factual issue that the mentioned instructions were merely prejudicial or embarrassed plaintiff in establishing her case as contradistinguished from errors of law. The record establishes that the following factual matters, among others, were mentioned, and thus repeated and emphasized, in different instructions not subjected to successful attack here for errors of law in submitting applicable defenses. With respect to the duty of the operator of the Mendenhall automobile to keep a proper lookout in instructions 13, 14, 17 and 18, and inferentially in instruction 12; to stop in instructions 12 and 17, and inferentially in instructions 14, 15, 18 and 19; with respect to sole negligence on the part of said operator in instructions 12, 13 and 14; with respect to a joint enterprise on the part of deceased and the operator of the Mendenhall automobile in instructions 16, 17, 18 and 19. Portions of instructions 8 and 10 (quoted supra) limited the determination of factual issues to the evidence and proper inferences therefrom, as did instruction 7, a portion thereof stating negligence on the part of appellants was not to be presumed from the fact of an accident et cetera. Instruction 7 was not specified in the order. Mention may be found of discretionary powers in cases holding instructions erroneous as a matter of law but: ''There is no discretion

as to the law of a case." [Loftus v. Metropolitan St. Ry. Co. (Banc), 220 Mo. 470, 481, 119 S. W. 942, 945. Yuronis v. Wells, 322 Mo. 1039, 1047(II), 17 S. W. (2d) 518, 522[4].] We have developed the issue beyond its presentation and conclude, unless we do violence to the record made, that the court granted a new trial in the mistaken belief instructions 8, 10 and 12 misdirected the jury (consult Sec. 1168, R. S. 1939, Mo. Stat. Ann., sec. 1002, p. 1264) and not on the ground of factual matters over which discretionary powers might be exercised because, if so, the order would have specified additional instructions. The situation differs materially from that presented in Arnold v. Alton Rd. Co., supra, where the court's order embraced all of defendant's instructions.

The order granting a new trial is set aside and the cause remanded with directions to reinstate the verdict of the jury and enter judgment thereon. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.